# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DECURTIS HOLDINGS LLC, | Case No. 23-10548 (___) |
| Debtor. | |
| Tax I.D. No. 83-4542384 | |
| In re: | Chapter 11 |
| DECURTIS LLC, | Case No. 23-10549 (___) |
| Debtor. | |
| Tax I.D. No. 52-2079241 | |

**MOTION OF DEBTORS FOR ENTRY OF AN
ORDER PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1
(I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

By this motion (the "Motion"), the above-captioned debtors and debtors in possession (the "Debtors"), seek entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only, and (ii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Michael Atkinson in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[1] filed contemporaneously

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the First Day Declaration.

herewith.  In further support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committees have been appointed in the Chapter 11 Cases and no request has been made for the appointment of a trustee or examiner.

6. A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

**RELIEF REQUESTED**

7. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) directing procedural consolidation and joint administration of these Chapter 11 Cases, and (ii) granting related relief. The Debtors request that one (1) file and one (1) docket be maintained for all of the jointly administered cases under the case of DeCurtis Holdings LLC and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| DECURTIS HOLDINGS LLC, *et al.*,[1] | ) Case No. 23-10548 (___) |
| Debtors. | ) (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: DeCurtis Holdings LLC (2384) and DeCurtis LLC (9241). The location of the Debtors' service address in these chapter 11 cases is 3208 East Colonial Drive, Suite C190, Orlando, FL 32803.

8. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

9. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of DeCurtis LLC to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of DeCurtis Holdings LLC and DeCurtis LLC. The docket in the chapter 11 case of DeCurtis Holdings LLC, Case No. 23- 10548 (___) should be consulted for all matters affecting these cases.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor-entities that commenced these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Boxed, Inc.*, No. 23-10397 (BLS) (Bankr. D. Del. Apr. 4, 2023) (directing joint administration of chapter 11 cases); *In re Taronis Fuels, Inc.,* No. 22-11121 (BLS) (Bankr. D. Del. Nov. 15, 2022) (same); *In re Am. Eagle Del. Holding Co. LLC*, No. 22-10028 (JKS) (Bankr. D. Del. Jan. 18, 2022) (same); *In re BHCosmetics Holdings, LLC*, No. 22-10050 (CSS) (Bankr. D. Del. Jan. 18, 2022) (same); *In*

4

*re Alto Maipo Del. LLC*, No. 21-11507 (KBO) (Bankr. D. Del. Dec. 8, 2021) (same); *In re Renovate Am., Inc.*, No. 20-13172 (LSS) (Bankr. D. Del. Jan. 22, 2021) (same).[2]

13. Joint administration will also permit the Clerk of the Court to utilize a single docket for all of the Chapter 11 Cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Because there will likely be numerous motions, applications, and other pleadings filed in the Chapter 11 Cases that will affect both of the Debtors, joint administration will permit counsel for all parties-in-interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in the Chapter 11 Cases. Joint administration will also enable parties-in-interest in both of the Debtors' cases to stay apprised of all the various matters before the Court with greater ease and efficiency. Moreover, the entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections.

14. Finally, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties-in-interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.

15. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest and, therefore, should be granted.

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to Debtors' proposed counsel.

## **NOTICE**

16. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the twenty (20) unsecured claims against the Debtors (on a consolidated basis); (c) the United States Department of Justice; (d) counsel to the DIP Agent; (e) the office of the attorneys general for the states in which the Debtors operate; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

17. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of the Page Intentionally Left Blank]*

**CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: May 1, 2023
      Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis*
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
       kgood@potteranderson.com
       astulman@potteranderson.com
       srizvi@potteranderson.com

-and-

Cullen Drescher Speckhart, Esq.
Michael A. Klein, Esq.
Evan Lazerowitz, Esq.
Paul Springer, Esq.
**COOLEY LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: cspeckhart@cooley.com
       mklein@cooley.com
       elazerowitz@cooley.com
       pspringer@cooley.com

*Proposed Counsel for the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DECURTIS HOLDINGS LLC, | ) ) | Case No. 23-10548 (___) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 83-4542384 | ) ) | **Re: Docket No. __** |
| In re: | ) ) | Chapter 11 |
| DECURTIS LLC, | ) ) | Case No. 23-10549 (___) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 52-2079241 | ) | **Re: Docket No. __** |

**ORDER PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1
(I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Chapter 11 Cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. The Clerk of the Court shall maintain one file and one docket for all of the Chapter 11 Cases, which file and docket shall be the file and docket for the chapter 11 case of DeCurtis Holdings LLC, Case No. 23-10548 (___).

4. The caption of the jointly administered cases shall read as follows:

IMPAC 7447222v.6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| DECURTIS HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 23-10548 (___) |
| Debtors. | ) ) ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: DeCurtis Holdings LLC (2384) and DeCurtis LLC (9241). The location of the Debtors' service address in these chapter 11 cases is 3208 East Colonial Drive, Suite C190, Orlando, FL 32803.

5. A docket entry, substantially similar to the following, shall be entered on the docket of DeCurtis LLC, Case No. 23-10549 (___) to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of DeCurtis Holdings LLC, and DeCurtis LLC. The docket in the chapter 11 case of DeCurtis Holdings LLC, Case No. 23- 10548 (___) should be consulted for all matters affecting these cases.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

IMPAC 7447222v.6

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.