## **EXHIBIT B**

**Declaration of Christopher M. Samis**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DECURTIS HOLDINGS LLC, *et al.*,[1] | ) | Case No. 23-10548 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF CHRISTOPHER M. SAMIS OF POTTER ANDERSON &
CORROON LLP IN SUPPORT OF DEBTORS' APPLICATION TO RETAIN AND
EMPLOY POTTER ANDERSON & CORROON LLP AS CO-COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTION 327(a) OF
THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL
RULE 2014-1, EFFECTIVE AS OF THE PETITION DATE**

I, Christopher M. Samis, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a partner of the firm of Potter Anderson & Corroon LLP ("Potter Anderson"),

which maintains an office for the practice of law at 1313 N. Market Street, Wilmington, Delaware

19801.  I am an attorney-at-law, duly admitted and in good standing to practice in the State of

Delaware and the United States District Court for the District of Delaware.

2.      I make this declaration pursuant to section 327 of title 11 of the United States Code

(the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") in support of the accompanying application (the "Application")[2] of the

Debtors to retain and employ Potter Anderson as their co-counsel.

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts

hereinafter set forth.  To the extent that any information disclosed herein requires amendment or

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  DeCurtis Holdings LLC (2384) and DeCurtis LLC (9241).  The location of the Debtors' service address in these chapter 11 cases is 3208 East Colonial Drive, Suite C190, Orlando, FL 32803.

[2]     Capitalized terms not defined herein shall have the meanings given to them in the Application.

modification upon Potter Anderson's completion of further analysis or as additional information becomes available to Potter Anderson, a supplemental declaration will be submitted to the Court.

4.      Subject to the approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules, Potter Anderson intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, plus reimbursement of actual, necessary expenses and other charges incurred by Potter Anderson during these Chapter 11 Cases.  The current standard hourly rates charged by Potter Anderson professionals and paraprofessionals currently anticipated to work on this matter are as follows:

| Billing Category | Hourly Rates |
|---|---|
| Partner | $675-$865 |
| Counsel | $705 |
| Associates | $440-$585 |
| Paraprofessionals | $330-$350 |

5.      The hourly rates set forth above are Potter Anderson's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate Potter Anderson fairly for the work of their attorneys and paralegals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

6.      Consistent with the firm's policy with respect to its other clients, Potter Anderson will charge the Debtors for all charges and disbursements incurred in rendering services to the Debtors.  These customary items include, among other things, telephone and telecopier toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs as well as non-ordinary overhead expenses such as secretarial and

2

other overtime.  Potter Anderson will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Potter Anderson's other clients or as previously fixed by this Court.  Potter Anderson believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread these expenses among all clients.

7.      In this district, I believe that evergreen retainer agreements reflect normal business terms in the marketplace.  *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's.").  Moreover, Potter Anderson and the Debtors are sophisticated business entities that have negotiated the amount of the Retainer at arm's length.  The amount of the Retainer secured Potter Anderson's fees and expenses for work performed in connection with the Debtors' Chapter 11 Cases.  Thus, I believe, under the standards articulated in the *Insilco* decision, the facts and circumstances of these cases support the approval of the security retainer requested herein.

8.      Given the extensive nature of the services that Potter Anderson will provide to the Debtors, I believe that the retention of Potter Anderson under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the restructuring of the Debtors.

9.      Neither I, Potter Anderson, nor any partner, counsel, associate, or other attorney at Potter Anderson, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interest in the Debtors) or any Potential Party-in-Interest (as defined below), except as hereinafter set forth.

10.     In preparing this declaration, we have used a set of procedures established by Potter Anderson to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by a debtor under the Bankruptcy Code.  In that regard, Potter Anderson obtained a list of names and entities who may be parties-in-interest in these Chapter 11 Cases, including *inter alia*, the Debtor Affiliates, former names of the Debtors, the non-debtor affiliated entities, the Debtors' largest unsecured creditors, the Debtors' major secured lenders, the current and former officers and directors of the Debtors, the equity holders and other significant parties-in-interest (the "Potential Parties-in-Interest").  A list of the Potential Parties-in-Interest is attached hereto as **Exhibit 1**.

11.     Potter Anderson maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Potter Anderson to make and maintain these records.  The conflict system maintained by Potter Anderson is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties, and (v) the attorney at Potter Anderson that is knowledgeable about the matter.  It is the policy of Potter Anderson that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties.  Accordingly, the database is updated for every new matter undertaken by Potter Anderson.  The scope of the system is a function of the completeness and accuracy of the information submitted to the attorney opening a new matter.

12.     Potter Anderson has in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to the Debtors or these Chapter 11 Cases, certain

Potential Parties-in-Interest (including, without limitation, those entities set forth on **Exhibit 2**, attached hereto, who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on **Exhibit 3**, attached hereto, who have been represented by Potter Anderson within the last five (5) years).  Liberty Media Company, which is an affiliate of Liberty Expedia Holdings, Inc. (a current client listed on **Exhibit 2**), represents around 2.2% of total fees billed by Potter Anderson over the last 12 months.  I do not believe that any single matter, except for Liberty Media Corporation, is a major engagement that, alone or in the aggregate with other engagements for the same entity, involves the billing of fees in excess of one percent (1%) of Potter Anderson's annual fees billed.

13.     Based on the foregoing, I believe that Potter Anderson is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code because and does not represent an interest that is adverse to the Debtors' estates.

14.     I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Potter Anderson and (i) any attorney employed by the Office of the United States for the District of Delaware or (ii) any counsel, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties-in-interest in these Chapter 11 Cases.  In addition, as part of its practice, Potter Anderson appears in cases, proceedings, and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties-in-interest in these Chapter 11 Cases.  Potter Anderson has not and will not represent any such entities in relation to these Chapter 11 Cases nor have any relationship with any such entities that would be adverse to the Debtors or their interests in the matters upon which Potter Anderson is to be employed.

15.     The proposed employment of Potter Anderson is not prohibited by or improper under Rule 5002 of the Bankruptcy Rules.  I am not related to any United States Bankruptcy Judge or District Court Judge for the District of Delaware or to the United States Trustee for such district or any employee in the office thereof.  One of Potter Anderson's partners, Kevin Shannon, is the brother of the Honorable Brendan Linehan Shannon, Judge of the United States Bankruptcy Court for the District of Delaware.  Potter Anderson has instituted the appropriate measures, consistent with the Code of Conduct for United States Judges, so that Potter Anderson attorneys may appear in front of Judge Shannon.  To the best of my knowledge, no other attorney at Potter Anderson is a relative of, currently has a connection with, the bankruptcy judges for the District of Delaware that would render the employment of Potter Anderson as Debtors' counsel improper.

16.     Potter Anderson is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Potter Anderson, its partners, counsel and associates:

    a.  are not creditors, equity security holders, or insiders of the Debtors;

    b.  are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtors; and

    c.  do not have interests materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

17.     Except as set forth herein, and based upon the information available to me, neither I, Potter Anderson, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors in the matters upon which Potter Anderson is to be employed.

18.     No promises have been received by Potter Anderson, or by any partner, counsel or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  Potter

Anderson has no agreement with any other entity to share with such entity any compensation received by Potter Anderson.

19.     All filing fees in the Chapter 11 Cases have been paid in full.

20.     The services to be rendered include all those services set forth in the Application.

21.     Potter Anderson has no agreement with any entity to share any compensation received by Potter Anderson, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

22.     Potter Anderson is proposed to serve as co-counsel for the Debtors with Cooley LLP ("Cooley") as counsel.  Potter Anderson has discussed the division of responsibilities with Cooley and will make every effort to avoid duplication of efforts in connection with this case.  To specifically disclose the division of labor and to avoid unnecessary duplication of services, Potter Anderson is proposed to primarily provide the following services for its engagement in this case as Delaware bankruptcy co-counsel to the Debtors:

a.  Advising the Debtors of their rights, powers, and duties as debtors in possession under chapter 11 of the Bankruptcy Code;

b.  Preparing petitions, motions, applications, answers, orders, reports, and papers with respect to the Chapter 11 Cases and the administration of the Debtors' estates;

c.  Assisting with any disposition of the Debtors' assets by sale or otherwise;

d.  Taking action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of actions commenced against the Debtors in the Chapter 11 Cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors;

e.  Preparing and prosecuting on behalf of the Debtors any proposed plan of reorganization or liquidation, and any disclosure statement related thereto, and seeking approval of all transactions contemplated therein and any amendments thereto

f.  Preparing and prosecuting pleadings necessary to solicit votes on any proposed plan;

g.  Appearing in Court and at any meeting required by the U.S. Trustee and any meeting of creditors at any given time on behalf of the Debtors as their counsel to protect the interests of the Debtors;

h.  To the extent Potter Anderson does not have a conflict, advising the Debtors on matters in which Cooley LLP has conflicts;

i.  Providing additional support to Cooley LLP, as requested; and

j.  Performing all other services assigned by the Debtors to Potter Anderson as co-counsel to the Debtors and to the extent Potter Anderson determines that such services fall outside of the scope of services historically or generally performed by the firm as co-counsel in a bankruptcy proceeding, Potter Anderson will file a supplemental declaration pursuant to Bankruptcy Rule 2014 and give parties in interest an opportunity to object.

23.  Prior to the Petition Date, the Debtors made the payments identified on **Exhibit 4** hereto to Potter Anderson to serve as a retainer (the "Retainer") and to cover fees and expenses actually incurred, as well as anticipated to be incurred, in connection with and in contemplation of these Chapter 11 Cases.  As set forth on **Exhibit 4** hereto, prior to the Petition Date, Potter Anderson drew down on the Retainer to pay fees and expenses actually incurred as well as anticipated to be incurred through the Petition Date.  Potter Anderson has reconciled its prepetition fees and expenses, and the unused portion of the Retainer has been credited back to the Retainer account with a Retainer balance remaining of $46,328.  As discussed in the Application, the Retainer balance is proposed to be treated by Potter Anderson as an evergreen retainer to be held by Potter Anderson as security throughout the Chapter 11 Cases until Potter Anderson's fees and expenses are awarded by final order and payable to Potter Anderson, as discussed in the Application.

8

24.     Potter Anderson shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

Date: May 18, 2023                                  */s/ Christopher M. Samis*
                                                    Christopher M. Samis

**Exhibit 1**
**List of Potential Parties-in-Interest**

**Debtors**
DeCurtis Holdings LLC
DeCurtis LLC

**Lenders, UCC Lien Holders, Trustees, and Agents**
Cantor Fitzgerald Securities
City National Bank
Invictus Global Management, LLC
U.S. Treasury

**5% or More Equity Holders**
DeCurtis Investments, Inc.
Shamrock Capital Growth Fund IV LP
Shamrock DC, LLC

**Vendors and Suppliers**
AccuraScan
Akeem Bello
Amazon
Amazon Web Services
American Airlines
Anago of the Triangle
Anixter Inc
Applied Communication & Consulting, LLC
Ascensus, Inc
Atlassian
Atlassian Pty Ltd
BBProfessional Markiting Pvt Ltd.
BDO USA LLP
BigRock
Blueed Technology Private Limited
Cherry Bekaert, LLP
Common Good Law, PLC
Cruise Industry News
Dell Technologies
Delta
Designer Marketing Solutions, LLC
Egencia
Expedia.com
GitHub, Inc
Google Cloud
Gurock

Hertz
Homewood Suites
Jaycon Systems LLC
Katana
Latitude 1 Maritime Inc.
Marriott
Maxiru LLC
Meltwater News US Inc.
Microsoft
Naples Asset Management Company
Radinium
Radiussystems Pvt.Ltd
Rahn & Associates, Inc.
RSM US LLP
Scansource
Seasons
Special Olympics Florida, Inc.
Strategy Insights
Talentism LLC
Total Travel Marine
United Healthcare
Velasea
Viking Crewing 1 Limited
Western Digital

**Bankruptcy Professionals (Debtors)**
Cooley LLP
Omni Agent Solutions
Potter Anderson & Corroon
Province LLC

**Bankruptcy Professionals (Lenders)**
Landis Rath & Cobb LLP
Proskauer Rose LLP
Shipman & Goodwin, LLP

**Cash Management Banks**
City National Bank
ICICI Bank Limited
Republic Bank & Trust Company
SunTrust Bank

**Current Directors and Officers**
Andrew Howard
Blair Brenton

David DeCurtis
David Mack
Derek Fournier
Joseph J. Carino
Michael LaSalle

**<u>Former Officers and Directors</u>**
Cindy Chen Delano

**<u>Insurance and Brokers</u>**
Admiral Insurance Company
Ascot Insurance Company
Ascot Marine
AXIS Insurance Company
Covington Specialty Insurance Company
Crewsure Marine
Crum & Foster Specialty Insurance Co.
Everest National Insurance Company
Insurance Source
Lockton Companies, LLC
Rahn & Associates
Southeast Insurance Group
Star Surplus Lines Insurance Company
Travelers Casualty and Surety Company of America

**<u>Known Affiliates and JVs</u>**
DeCurtis International Private Limited (India)
DeCurtis Software Solutions Private Limited (India)

**<u>Landlords</u>**
Jay's Park II Condominium UOA
Taada Investments, LLC

**<u>U.S. Bankruptcy Court Judges for the District of Delaware</u>**
Chief Judge Laurie Selber Silverstein
Judge Ashley Chan
Judge Brendan L. Shannon
Judge Craig T. Goldblatt
Judge John T. Dorsey
Judge Karen B. Owens
Judge Kate Stickles
Judge Mary F. Walrath
Judge Thomas M. Horan

**<u>Bankruptcy Court Staff</u>**
Al Lugano
Amanda Hrycak
Cacia Batts

Catherine Farrell
Claire Brady
Danielle Gadson
Demitra Yeager
Jill Walker
Joan Ranieri
Laura Haney
Laurie Capp
Lora Johnson
Marquietta Lopez
Nickita Barksdale
Paula Subda
Rachel Bello
Robert Cavello
Stephen Grant
Una O'Boyle

**<u>Significant Customers</u>**
Disney Cruise Lines
Norwegian Cruise Line
Virgin Voyages

**<u>Taxing Authorities, Governmental Agencies, and Regulatory Agencies</u>**
Florida Department of Revenue
Internal Revenue Service
Maine Department of Revenue
Massachusetts Department of Revenue
North Carolina Department of Revenue
North Carolina Department of the Secretary of State
State of Delaware Division of Corporations
Texas Department of Revenue
Virginia Department of Revenue
Wake County Revenue Department

**<u>Largest Unsecured Creditors</u>**
Blueed Technology Private Limited
Broward International Commerce Park
Carnival Corporation
Cherry Bekaert, LLP
Consilio
Copy Center Miami
Copytech Solutions USA Inc
Cornerstone Group
Croke Fairchild Duarte & Beres LLC
Freeborn & Peters, LLP
Groombridge, Wu, Baughman & Stone LLP
Homer Bonner Jacobs Ortiz, PA
Impact Trial Consulting LLC
Jaycon Systems LLC
Latham & Watkins LLP

Lighthouse Document Technologies, Inc.
Lockton Insurance Brokers, LLC
Maxiru LLC
Morgan Lewis LLP
Office Store Inc. dba Trial Copy
Peritum LLC
Quinn Emanuel Urquhart & Sullivan, LLP
QuisLex, Inc.
Scansource
Shamrock Capital Advisors, LLC
Sullivan & Cromwell LLP
Taada Investments, LLC
Transperfect Holdings LLC

Dominion Energy North Carolina
Duke Energy
Florida Power & Light Company
Go Forth Pest Control
Jay's Park Condominium UOA
Panzarella Waste & Recycling
Premier Commercial Security
Spectrum Business
Vonage
Waste Management

**U.S. Trustee's Office**
Benjamin Hackman
Christine Green
Claire Brady
David Buchbinder
Denis Cooke
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. Mccollum
Holly Dice
James R. O'Malley
Jane Leamy
Jeffrey Heck
Joseph Cudia
Joseph Mcmahon
Juliet Sarkessian
Karen Starr
Lauren Attix
Linda Casey
Linda Richenderfer
Marquietta Lopez
Michael Panacio
Michael West
Nyanquoi Jones
Ramona Harris
Ramona Vinson
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
T. Patrick Tinker
Timothy J. Fox, Jr.

**Utility Providers**
Anago of the Triangle
BFPE International
City of Dania Beach

IMPAC 10785923v.2

### Exhibit 2[1] - Current Clients[2]

Amazon
Google
Hertz Global Holdings, Inc.
Liberty Expedia Holdings, Inc.
Microsoft Corporation
United Health Group
Walt Disney Co.

---

[1]    Parties that are both current clients and former clients of Potter Anderson are listed only on Exhibit 2 – Current Clients.

[2]    Due to the similarity of names and certain entities, Potter Anderson was not able to determine if all the entities listed herein are actually affiliates of certain clients. However, out of an abundance of caution, Potter Anderson has listed those entities which it reasonably believes to be affiliates of current clients.

**<u>Exhibit 3 - Former Clients</u>**[1]

Anixter International, Inc.
Cantor Fitzgerald Securities
City National Bank
Delta Apparel, Inc.
Morgan Lewis & Bockius LLP
Province, LLC

---

[1]  Due to the similarity of names and certain entities, Potter Anderson was not able to determine if all the entities listed herein are actually affiliates of certain clients. However, out of an abundance of caution, Potter Anderson has listed those entities which it reasonably believes to be affiliates of former clients.

**Exhibit 4**
**Accounting Summary of Payments**

Potter Anderson was retained by the Debtors pursuant to an engagement agreement dated October 1, 2021 (the "Engagement Agreement").  In accordance with the Engagement Agreement, Potter Anderson received a retainer (the "Retainer") in the amount of $100,000 in connection with the planning and preparation of documents and its proposed postpetition representation of the Debtors.  On April 19, 2023, Potter Anderson received $ 175,000 to increase Potter Anderson's Retainer.  As of May 1, 2023, the balance of the Retainer is $46,328.00.  Shortly after the Petition Date but before the first fee application, Potter Anderson may further reconcile any prepetition fees and expenses and deduct such amounts from the Retainer and will reflect such adjustment in Potter Andersons' first interim fee application, if necessary.

| Payment Date | Amount | Payment Type | Retainer Balance |
|---|---|---|---|
| October 20, 2021 | $100,000.00 | Wire | $100,000.00 |
| November 9, 2021 | $(82,756.15) | Applied Retainer to Invoice | $17,243.85 |
| December 7, 2021 | $(16,150.00) | Applied Retainer to Invoice | $1,093.85 |
| December 22, 2021 | $(1,093.85) | Refunded to Client | $0.00 |
| April 19, 2023 | $175,000.00 | Wire | $175,000.00 |
| May 1, 2023 | $(128,672.00) | Applied Retainer to Invoice | $46,328.00 |