**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DECURTIS HOLDINGS LLC, *et al.*,[1] | Case No. 23-10548 (JKS) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES PERTAINING
TO THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS**

**General**

On April 30, 2023 (the "Petition Date"), DeCurtis Holdings LLC and DeCurtis LLC (each a "Debtor" and, collectively, the "Debtors") each commenced a case by filing a petition for relief under chapter of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited.

These Global Notes, Methodology, and Specific Disclosures Pertaining to the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: DeCurtis Holdings LLC (2384) and DeCurtis LLC (9241). The location of the Debtors' service address in these chapter 11 cases is 3208 East Colonial Drive, Suite C190, Orlando, FL 32803.

Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery of inadvertent errors or omissions may result in material changes to the Schedules and Statements. The information provided herein, except as otherwise noted, is as of the Petition Date. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and Statements from time to time as may be necessary or appropriate.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtors, on behalf of themselves, their officers, employees, agents, and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by Joseph J. Carino, II, in his capacity as Chief Financial Officer of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Carino has relied upon the efforts, statements and representations of various personnel employed by the Debtors. Mr. Carino has not (and could not have) personally verified the accuracy of each such statement and representation, contained in the Schedules and Statements, including, for example, statements and representations concerning amounts owed to creditors.

The Global Notes are in addition to any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to any of the Debtors' remaining Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

**Global Notes and Overview Methodology**

1.    <u>Reservation of Rights</u>.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim description, designation, or Debtor against which the claim is asserted; dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

2.    <u>Description of Cases and "as of" Information Date</u>.  Each Debtor filed its case on the Petition Date.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered for procedural purposes only.  The asset information provided in the Schedules and Statements, except as may be otherwise noted, represents the asset data of the Debtors as of April 30, 2023, and the liability information provided herein, except as may be otherwise noted, represents the liability data of the Debtors as of April 30, 2023.  With respect to certain items on the Schedules and Statements, information may not yet be available as of April 30, 2023.  For such items, a prior date may have been used, as identified herein.

3.    <u>Book Value of Assets</u>.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of April 30, 2023, in the Debtors' books and records unless a different date is identified herein. Additionally, because the book values of certain assets, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition

Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4.      <u>Recharacterization</u>.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.      <u>Excluded Assets and Liabilities</u>.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. The allocation of liabilities between the prepetition and post-petition periods may change as additional information becomes available and further research is conducted. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, employee benefit accruals and deferred income accruals.  In addition, certain immaterial assets and liabilities may have been excluded. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be or have been rejected.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding claims on a post-petition basis. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

6.      <u>Insiders</u>.  Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) senior-level officers; (c) equity holders holding in excess of 5% of the voting securities of the Debtor entities; (d) managing members; (e) Debtor affiliates; and (f) relatives of any of the foregoing (to the extent known by the Debtors).

Person or entities listed as "insiders" have been included for informational purposes only and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under

applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

7.  <u>Intellectual Property Rights.</u>  The exclusion or inclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have or have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

8.  <u>Intercompany and Foreign Affiliate Transactions.</u>  The Debtors have reported for each Debtor the aggregate net intercompany balances as of April 30, 2023 between such Debtors and each other Debtor as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate. The listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a claim or how such obligations may be classified and/or characterized in a plan of reorganization or otherwise by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

9.  <u>Executory Contracts and Unexpired Leases.</u>  While the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred. In addition, although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Other than real property leases reported in Schedule A/B 55, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.

Moreover, certain of the executory contracts listed on Schedule G may have expired or discontinued prior to the Petition Date. The listing of any executory contract on Schedule G does not amount to any legal determination that the contract is indeed executory within the meaning of section 365 of the Bankruptcy Code and the Debtors reserve all rights to contest the classification of such contracts.

10.  <u>Classification.</u>  Listing a claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of

the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases or to exercise their rights to setoff against such claims.

11.    <u>Claims Description</u>.  Schedules D and E/F permit each Debtor to designate a claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent," or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

12.    <u>Causes of Action</u>.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoidable transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counter-claim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "<u>Causes of Action</u>") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

13.    <u>Summary of Significant Reporting Policies</u>.  The following is a summary of significant reporting policies:

        a.    <u>Undetermined Amounts</u>.  The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount.

        b.    <u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

        c.    <u>Paid Claims</u>.  The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders. To the extent the Debtors pay any of the liabilities listed in the Schedules pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

     d.    <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

     e.    Unless otherwise indicated, all amounts are reflected in U.S. dollars.

14.    <u>Estimates and Assumptions</u>.  To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make estimates, allocations, and assumptions that affect the reported amounts of assets, liabilities, revenue and expenses as of the Petition Date. The Debtors reserve all rights, but shall not be required, to amend the reported amounts of assets, revenue, and expenses to reflect changes in those estimates and assumptions.

15.    <u>Credits and Adjustments</u>.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

16.    <u>Setoffs</u>.  The Debtors may incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

## **Specific Disclosures with Respect to the Debtors' Schedules**

1.    <u>Schedule A/B</u>.  All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the Petition Date, unless otherwise noted below.  Other than real property leases reported on Schedule A/B 55, the Debtors have not included leases and contracts on Schedule A/B.  Leases are also listed on Schedule G.

<u>Schedule A/B 3</u>.  Schedule A/B 3 reports the cash values held in financial accounts as of the Petition Date.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate their Cash Management System, (B) Maintain Existing Business Forms, and (C) Perform Intercompany Transactions in the Ordinary Course, and (II) Granting Related Relief* [Docket No. 12] ("<u>Cash Management Motion</u>").

<u>Schedule A/B 7</u>.  The Bankruptcy Court, pursuant to the *Final Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment; (II) Establishing Procedures*

*for Resolving Objections by Utility Companies; (III) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service, and (IV) Granting Related Relief* [Docket No. 151], has authorized the Debtors to provide adequate assurance of payment for postpetition utility services, including a deposit in the amount of $3,250. Such deposit is not listed on Schedule A/B 7, which was prepared as of the Petition Date.

Schedule A/B 11.  Schedule A/B 11 identifies the net accounts receivable balance as of the Petition Date.

Schedule A/B 15.  Ownership interests in subsidiaries have been listed in Schedules A/B 15 as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and likely differs significantly from their net book value.

Schedule A/B 21. Schedule A/B 21 reports the Debtors' inventory balance as of the Petition Date, net of inventory obsolescence.

Schedule A/B 38-42.  Dollar amounts are presented net of accumulated depreciation and other adjustments.

Schedule A/B 55.  The Debtors do not own any real property.  The Debtors have listed their real property leases in Schedule A/B 55.

Schedules A/B 60-65.  Intangibles and Intellectual Property listed in Schedules A/B 60-65 are listed as an undetermined amount or at their net book value. The fair market value of such assets is dependent on numerous variables and factors and may differ significantly from their net book value.

Schedule A/B 74 & 75.  In the ordinary course of their businesses, the Debtors may have accrued, or may in the future accrue, certain rights to counter-claims, cross-claims, setoffs, and/or refunds with Debtors' customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74 or 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver, release, relinquishment, or forfeiture of such cause of action, claim, or right.

Schedule A/B 77.  As described in the Cash Management Motion, in the ordinary course of business, the Debtors engage in intercompany transactions with each other and with certain non-debtor foreign subsidiaries.  The intercompany receivable and payable amounts reported are as of April 30, 2023 based on the Debtors' books and records.  Schedule A/B 77 also reports the book value of the Debtors' leasehold improvements net of accumulated depreciation.

2.    <u>Schedule D</u>.  The claims listed on Schedule D arose or were incurred on various dates.  All claims listed on Schedule D, however, appear to have been incurred before the Petition Date.  With respect to the claims listed on Schedule D, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

3.    <u>Schedule E/F – Part 1</u>.  The Debtors have not listed any wage or wage-related obligations that the Debtors were granted authority to pay and have paid pursuant to First Day Orders on Schedule E/F. The Debtors reserve their right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.

Claims owing to various taxing and regulatory authorities to which the Debtors may potentially be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to on-going audits and/or the Debtors are otherwise unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such priority claims with amounts "undetermined," pending final resolution of any potential on-going audits or other outstanding issues.

The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on May 22, 2023, the Bankruptcy Court entered the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees, and (II) Granting Related Relief* [Docket No. 137] and the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Comepnsation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and, (II) Granting Related Relief* [Docket No. 136].  The Debtors' analysis of potential priority claims is ongoing and may take significant time to complete.

4.    <u>Schedule E/F – Part 2.</u> The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be an open issue of fact. Determining the date upon which each claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F. Furthermore, claims listed on Schedule E/F may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Notwithstanding the foregoing, where creditors have yet to provide proper invoices for prepetition goods or services, such amounts may not be reflected on Schedule E/F. Moreover, Schedule E/F may not include certain balances including deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in

accordance with GAAP. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtors. The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" or at the dollar amount of any judgment that has been rendered in the litigation and has been marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

The Debtors expressly incorporate by reference into Schedule E/F part 2 all parties to pending litigation listed in the Debtors' Statements 7, as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F part 2.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been or may be rejected postpetition.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

5.     Schedule G.  Although the Debtors have made diligent attempts to properly identify the Debtor counterparty(ies) to each executory contract on Schedule G, it is possible that more Debtor entities are a counterparty to certain executory contracts on Schedule G than listed herein. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in

any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as indemnity agreements, non-executory supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors maintain a variety of insurance policies, including, without limitation, property, general liability, and employee related policies. For purposes of Schedule G, all insurance policies are included however, multiple Debtors may be a party to or covered by the policies.

6.      Schedule H.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Specific Disclosures with Respect to the Debtors' Statements**

1.      Statements – Question 3 – 90 Day Payments.  Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4), employees, gifts and charitable contributions (which payments are listed in response to Statement question 9, where applicable), and bankruptcy professionals (which payments appear in Statement question 11 and include any retainers paid to bankruptcy professionals).  To the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3. All disbursements listed on Statement 3 are made through the Debtors' cash management

system, as described in the Cash Management Motion. Additionally, all disbursement information reported in Statement 3 for a specific Debtor pertains to the bank accounts maintained by that Debtor.

2.      Statements – Question 4 – Payments to or for the Benefit of Insiders.  Statement 4 accounts for a respective Debtor's transfers to insiders as applicable, including intercompany transfers and transfers to foreign affiliates.  With respect to individuals, the amounts listed reflect the universe of payments and transfers to or for the benefit of such individuals including but not limited to, compensation, bonuses, expense reimbursement, and employer paid taxes and benefits.

3.      Statements – Question 5 – Repossessions, Foreclosures & Returns.  Statement 5 excludes goods returned in the ordinary course of business.

4.      Statements – Question 7 – Legal Actions or Assignment.  Any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

5.      Statements – Question 11 – Payments Related to Bankruptcy.  Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related the Debtors' bankruptcy proceedings in Statement 11.  However, the disclosed fees may also relate to other, non-bankruptcy related services including corporate work.

6.      Statements – Question 20 – Off-Premise Storage.  Out of an abundance of caution, the Debtors have included all virtual data storage and software that stores data including cloud-based softwares.  The Debtors have not provided a list of all individuals with access to each software, as compiling such a list by software would be a significant task.

7.      Statements – Question 26d – Issuance of Financial Statements.  The Debtors have used their reasonable efforts to provide a listing of parties to which financial statements have been provided. However, the Debtors provide numerous banks, vendors and customers with financial statements, and the listing on Statement 26d may not be a complete listing of every party provided financial statements.

8.      Statements – Question 27 – Most Recent Two Inventories Performed.  The dollar amount of inventory for the two most recent inventories performed by the Debtors have not been adjusted for any obsolescence.

9.      Statements – Question 30 – Payments to Insiders.  Unless otherwise indicated in a Debtor's specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

| Debtor Name | **DeCurtis LLC** |
|---|---|
| **United States Bankruptcy Court for the District of Delaware** | |
| Case number (if known): | **23-10549** |

☐ Check if this is an amended filing

<u>Official Form 207</u>

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:**      Income

### 1. Gross Revenue from business

☐ None

| | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of Revenue | Gross Revenue (before deductions and exclusions) |
|---|---|---|---|---|---|
| 1.1 | From 01/01/23 | To | 04/30/23 | ☑ Operating a business ☐ Other | $5,610,398.78 |
| 1.2 | From 01/01/22 | To | 12/31/22 | ☑ Operating a business ☐ Other | $12,180,191.71 |
| 1.3 | From 01/01/21 | To | 12/31/21 | ☑ Operating a business ☐ Other | $15,807,369.50 |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | | Description of sources of revenue | Gross Revenue from (before deductions and exclusions) |
|---|---|---|---|---|---|
| 2.1 | From 01/01/23 | To | 04/30/23 | Interest Income and Other Income | $12,609.38 |
| 2.2 | From 01/01/22 | To | 12/31/22 | Interest Income and Other Income | $27,360.35 |
| 2.3 | From 01/01/21 | To | 12/31/21 | Interest Income and Other Income | $16,554.29 |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments of transfers - including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575.  (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

|     | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|-----|-----------------------------|-------|-----------------------|--------------------------------------------------------|
| 3.1 | See Exhibit SOFA 3 |  |  | ☐ Secured Debt |
|     |  |  |  | ☐ Unsecured Loan Payments |
|     |  |  |  | ☐ Suppliers or vendors |
|     |  |  |  | ☐ Services |
|     |  |  |  | ☐ Other |

### 4. Payments or other transfers of property made within 1 year before filing  this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

|     | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|-----|----------------------------|-------|-----------------------|---------------------------------|
| 4.1 | See Exhibit SOFA 4 |  |  |  |

**Relationship to debtor**

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|-----------------------------|-----------------------------|------|-------------------|

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|-----------------------------|------------------------------------------|-----------------------|--------|

| Part 3: | Legal Actions or Assignments |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | DeCurtis LLC, Plaintiff, v. Carnival Corporation, Defendant<br><br>**Case number**<br>Civil Action No. 20-22945-Civ-Scola | Patent Infringement, patent unenforceability, anti-trust, tortious interference and unfair competition | United States District Court for the Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-3<br>Miami, Florida 33128 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2 | Carnival Corporation, Plaintiff, v. DeCurtis Corporation and DeCurtis LLC, Defendants<br><br>**Case number**<br>Consol. Case No. 20-21547-Civ-Scola | Patent Infringement, patent invalidity, patent unenforceability,  breach of contract, and trade secrets | United States District Court for the Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-3<br>Miami, Florida 33128 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | |

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of gifts to that recipient is less than $1,000**

☐ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | Special Olympics Florida, Inc.<br>1915 Don Wickham Drive<br>Clermont, FL 34711 | Cash Donation | 03/01/22 | $50,000.00 |

**Recipient's relationship to debtor**
None

---

| Part 5: | Certain Losses |
|---|---|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106 A/B (Schedule A/B: Assets - Real and Personal Property). | | |
| 10.1  Sign in front of leased building in Morrisville, North Carolina  damaged by a hurricane | $0 | November 2022 | Undetermined |

---

| Part 6: | Certain Payments of Transfers |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1  Cooley LLP | 55 Hudson Yards New York, NY 10001-2157 | 12/29/22 04/07/23 04/28/23 | $93,311.00 $250,000.00 $125,000.00 |

**Email or website address**
https://www.cooley.com
**Who made the payment, if not debtor?**

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2  Omni Agent Solutions, Inc. | 5955 De Soto Ave. Woodland Hills, CA 91367 | 04/28/23 | $20,000.00 |

**Email or website address**
https://omniagentsolutions.com
**Who made the payment, if not debtor?**

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.3  Potter Anderson & Corroon, LLP | 1313 N. Market Street 6th Floor Wilmington, DE 19801-6108 | 04/18/23 | $175,000.00 |

**Email or website address**
https://www.potteranderson.com
**Who made the payment, if not debtor?**

---

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.4  Province, LLC | 2360 Corporate Circle Suite 340 Henderson, NV 89074 | 04/26/23 | $250,000.00 |

**Email or website address**
https://www.provincefirm.com

**Who made the payment, if not debtor?**

---

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

[X] None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

[X] None

| Who received transfer? Address. | Description of property transferred or payments received or debts paid in exchange. | Date transfer was made | Total amount or value |
|---|---|---|---|
| | | | |

---

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

[X] Does not apply

| Address | Dates of occupancy |
|---|---|
| | |

---

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

[✓] No  Go to Part 9.

[ ] Yes.  Fill in the information below.

---

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | Location where patient records are maintained | How are records kept?<br>☐ Electronically<br>☐ Paper |

## Part 9:    Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No
☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?
☐ No
☐ Yes.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No   Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.
☑ Yes. Fill in below:

| Name of plan | Employer identification number of plan |
|---|---|
| DeCurtis LLC | EIN: 52-2079241 |

Has the plan been terminated?
☑ No
☐ Yes

## Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | City National Bank<br>City Loan Center<br>Post Office Box 60938<br>Los Angeles, Ca 90060-0938 | 9099 | ☑ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other | 05/27/22 | $568.00 |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

[X] None

| Depository institution name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 See Exhibit SOFA 20 | | | ☐ No |
| | | | ☐ Yes |

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

[X] None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | |

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:
 - Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
 - Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
 - Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| | | | ☐ On appeal |
| Case number | | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**Part 13:     Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

[X] None

| Business name and address | Describe the nature of the business | Employer identification number. Dates business existed |
|---|---|---|
| | | |

**26. Books, records, and financial statements**
**26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.**

[ ] None

| Name and address | Dates of service |
|---|---|
| 26.a.1 Edmund J. Placzkowski<br>Finance Controller<br>3208 East Colonial Drive<br>Suite C190<br>Orlando, Florida 32803 | 11/25/19 - Present |
| 26.a.2 Joseph Carino, II<br>Chief Financial Officer<br>3208 East Colonial Drive<br>Suite C190<br>Orlando, Florida 32803 | 07/31/19 - Present |
| 26a.3 Margaret Scott<br>Staff Accountant<br>3208 East Colonial Drive<br>Suite C190<br>Orlando, Florida 32803 | 11/07/22 - Present |

**26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.**

[ ] None

| Name and address | Dates of service |
|---|---|
| 26b.1 Cherry Bekaert LLP<br>Post Office Box 25549,<br>Richmond, VA 23260-5500 | From 10/17/2019 - Present |

**26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.**

[ ] None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 Edmund J. Placzkowski<br>Finance Controller<br>3208 East Colonial Drive<br>Suite C190<br>Orlando, Florida 32803 | |
| 26c.2 Joseph Carino, II<br>Chief Financial Officer<br>3208 East Colonial Drive<br>Suite C190<br>Orlando, Florida 32803 | |
| 26c.3 Margaret Scott<br>Staff Accountant<br>3208 East Colonial Drive<br>Suite C190<br>Orlando, Florida 32803 | |

**26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.**

☐ None

**Name and address**

26.d.1  Cantor Fitzgerald
Securities
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801

26.d.2  City National Bank
City Loan Ctr
P.O. Box 60938
Los Angeles,CA
90060-0938

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No
☑ Yes.  Give the details about the two most recent inventories

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.1    Edmund J Placzkowski (Controller) | 1/3/2023 | $1,547,285.89 Lower of Cost or Market |

**Name and address of the person who has possession of inventory records**

300 Dominion Drive
Suite 600
Morrisville, NC  27560

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.2    Edmund J Placzkowski (Controller) | 12/28/2022 | $1,416,685.93 Lower of Cost or Market |

**Name and address of the person who has possession of inventory records**

300 Dominion Drive
Suite 600
Morrisville, NC  27560

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1    DeCurtis Holdings LLC | 3208 East Colonial Drive C190 Orlando, FL 32803 | Sole Member | 100% |
| 28.2    David DeCurtis | 3208 East Colonial Drive C190 | Chief Strategy Officer | N/A |

Official Form 207               **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

| | | Orlando, FL 32803 | | |
|---|---|---|---|---|
| 28.3 | Derek Fournier | 3208 East Colonial Drive C190 Orlando, FL 32803 | Chief Executive Officer and President | N/A |
| 28.4 | James Learish | 3208 East Colonial Drive C190 Orlando, FL 32803 | Chief Operating Officer | N/A |
| 28.5 | Joseph Carino, II | 3208 East Colonial Drive C190 Orlando, FL 32803 | Chief Financial Officer | N/A |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes.  Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes.  Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing this value |
|---|---|---|---|
| 30.1 See Response to SOFA 4 | | | |
| **Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes.  Identify below.

| Name of the parent corporation | Employer identification number of the parent corporation |
|---|---|
| 31.1 DeCurtis Holdings LLC | 83-4542384 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes.  Identify below.

| Name of the pension fund | Employer identification number of the pension fund |
|---|---|

**Part 14:**    **Signature and Declaration**

**WARNING**    Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on.    6/12/2023
          MM / DD / YYYY

/s/ Joseph J. Carino, II                  Printed name    Joseph J. Carino, II
Signature of individual signing on behalf of the debtor

Position or relationship to the debtor     Chief Financial Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☑ Yes

# STATEMENT OF FINANCIAL AFFAIRS


EXHIBIT
PART 2, QUESTION 3

CERTAIN PAYMENTS OR TRANSFERS TO CREDITORS
WITHIN 90 DAYS BEFORE FILING THIS CASE

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 3: Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| ACCURA TECHNOLABS FZ LLC | 3/14/2023 | 39,000.00 | Services |
| **ACCURA TECHNOLABS FZ LLC Total** | | **39,000.00** | |
| American Express | 2/17/2023 | 69,037.39 | Suppliers or Vendors |
| American Express | 3/17/2023 | 91,441.83 | Suppliers or Vendors |
| American Express | 4/20/2023 | 85,626.07 | Suppliers or Vendors |
| **American Express Total** | | **246,105.29** | |
| Anixter Inc | 1/31/2023 | 52,711.16 | Suppliers or Vendors |
| Anixter Inc | 2/7/2023 | 140.07 | Suppliers or Vendors |
| Anixter Inc | 3/3/2023 | 7,059.56 | Suppliers or Vendors |
| Anixter Inc | 3/10/2023 | 664.00 | Suppliers or Vendors |
| Anixter Inc | 3/24/2023 | 589.81 | Suppliers or Vendors |
| Anixter Inc | 4/19/2023 | 794.75 | Suppliers or Vendors |
| **Anixter Inc Total** | | **61,959.35** | |
| Applied Communication & Consulting, LLC | 2/15/2023 | 5,000.00 | Services |
| Applied Communication & Consulting, LLC | 3/16/2023 | 5,000.00 | Services |
| Applied Communication & Consulting, LLC | 4/14/2023 | 5,000.00 | Services |
| **Applied Communication & Consulting, LLC Total** | | **15,000.00** | |
| Ascensus, Inc | 2/10/2023 | 13,304.99 | Services |
| Ascensus, Inc | 2/15/2023 | 13,117.33 | Services |
| Ascensus, Inc | 2/27/2023 | 9,968.05 | Services |
| Ascensus, Inc | 3/7/2023 | 10,139.23 | Services |
| Ascensus, Inc | 3/31/2023 | 10,013.38 | Services |
| Ascensus, Inc | 4/3/2023 | 10,076.58 | Services |
| Ascensus, Inc | 4/18/2023 | 10,502.34 | Services |
| Ascensus, Inc | 4/26/2023 | 35,343.90 | Services |
| Ascensus, Inc | 4/26/2023 | 10,388.46 | Services |
| **Ascensus, Inc Total** | | **122,854.26** | |
| Belastingdienst Apeldoorn | 2/6/2023 | 4,273.02 | Government |
| Belastingdienst Apeldoorn | 2/24/2023 | 3,942.03 | Government |

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 3: Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| Belastingdienst Apeldoorn | 3/28/2023 | 4,015.83 | Government |
| Belastingdienst Apeldoorn | 4/25/2023 | 4,034.38 | Government |
| **Belastingdienst Apeldoorn Total** | | **16,265.26** | |
| Blueed Technology Private Limited | 2/28/2023 | 160,000.00 | Suppliers or Vendors |
| Blueed Technology Private Limited | 4/3/2023 | 160,000.00 | Suppliers or Vendors |
| Blueed Technology Private Limited | 4/28/2023 | 160,000.00 | Suppliers or Vendors |
| **Blueed Technology Private Limited Total** | | **480,000.00** | |
| Broward International Commerce Park | 2/1/2023 | 8,545.87 | Landlord |
| Broward International Commerce Park | 3/1/2023 | 6,280.56 | Landlord |
| Broward International Commerce Park | 3/31/2023 | 6,280.56 | Landlord |
| **Broward International Commerce Park Total** | | **21,106.99** | |
| Cherry Bekaert, LLP | 3/28/2023 | 18,900.00 | Services |
| **Cherry Bekaert, LLP Total** | | **18,900.00** | |
| City National Bank | 2/15/2023 | 195,919.00 | Unsecured Debt |
| **City National Bank Total** | | **195,919.00** | |
| Cornerstone Group | 3/3/2023 | 200,000.00 | Services |
| **Cornerstone Group Total** | | **200,000.00** | |
| Cruise Industry News | 2/3/2023 | 2,995.00 | Services |
| Cruise Industry News | 3/14/2023 | 3,495.00 | Services |
| Cruise Industry News | 4/28/2023 | 2,995.00 | Services |
| **Cruise Industry News Total** | | **9,485.00** | |
| DeCurtis Software Solutions (P), Ltd. | 2/24/2023 | 6,138.00 | Compensation |
| DeCurtis Software Solutions (P), Ltd. | 3/24/2023 | 6,138.00 | Compensation |
| DeCurtis Software Solutions (P), Ltd. | 4/24/2023 | 6,138.00 | Compensation |
| **DeCurtis Software Solutions (P), Ltd. Total** | | **18,414.00** | |
| Focus Litigation Consulting, LLC | 2/2/2023 | 36,000.00 | Services |
| Focus Litigation Consulting, LLC | 2/24/2023 | 20,000.00 | Services |
| **Focus Litigation Consulting, LLC Total** | | **56,000.00** | |
| FSM Hotel Owner, LLC dba Four Seasons Hotel Miami | 2/22/2023 | 140,967.50 | Suppliers or Vendors |

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 3: Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| **FSM Hotel Owner, LLC dba Four Seasons Hotel Miami Total** | | **140,967.50** | |
| Ginat, Daniel | 2/3/2023 | 1,793.85 | Services |
| Ginat, Daniel | 2/3/2023 | 569.69 | Services |
| Ginat, Daniel | 2/17/2023 | 5,010.00 | Services |
| Ginat, Daniel | 3/3/2023 | 2,181.37 | Services |
| Ginat, Daniel | 3/17/2023 | 6,298.00 | Services |
| Ginat, Daniel | 3/31/2023 | 2,128.42 | Services |
| Ginat, Daniel | 4/20/2023 | 18,426.67 | Services |
| Ginat, Daniel | 4/26/2023 | 124.89 | Services |
| Ginat, Daniel | 4/26/2023 | 2,759.72 | Services |
| **Ginat, Daniel Total** | | **39,292.61** | |
| Groombridge, Wu, Baughman & Stone LLP | 2/9/2023 | 728,002.03 | Services |
| Groombridge, Wu, Baughman & Stone LLP | 4/27/2023 | 500,000.00 | Services |
| **Groombridge, Wu, Baughman & Stone LLP Total** | | **1,228,002.03** | |
| Homer Bonner Jacobs Ortiz, PA | 2/15/2023 | 174,886.37 | Services |
| Homer Bonner Jacobs Ortiz, PA | 4/27/2023 | 150,000.00 | Services |
| **Homer Bonner Jacobs Ortiz, PA Total** | | **324,886.37** | |
| IRS | 2/8/2023 | 50,193.32 | Government |
| IRS | 2/8/2023 | 148.28 | Government |
| IRS | 2/23/2023 | 49,229.85 | Government |
| IRS | 3/8/2023 | 49,778.65 | Government |
| IRS | 3/22/2023 | 49,018.85 | Government |
| IRS | 4/5/2023 | 46,053.97 | Government |
| IRS | 4/19/2023 | 49,399.84 | Government |
| IRS | 4/20/2023 | 146,801.56 | Government |
| **IRS Total** | | **440,624.32** | |
| Jaycon Systems LLC | 2/1/2023 | 166,670.00 | Suppliers or Vendors |
| Jaycon Systems LLC | 2/17/2023 | 143,700.00 | Suppliers or Vendors |
| Jaycon Systems LLC | 4/19/2023 | 8,250.26 | Suppliers or Vendors |

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 3: Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| **Jaycon Systems LLC Total** | | **318,620.26** | |
| Lockton Insurance Brokers, LLC | 4/28/2023 | 44,690.10 | Insurance |
| Lockton Insurance Brokers, LLC | 4/28/2023 | 43,464.98 | Insurance |
| Lockton Insurance Brokers, LLC | 4/28/2023 | 176,200.50 | Insurance |
| **Lockton Insurance Brokers, LLC Total** | | **264,355.58** | |
| Maayan Cohen | 2/3/2023 | 1,730.80 | Services |
| Maayan Cohen | 2/17/2023 | 1,730.80 | Services |
| Maayan Cohen | 3/3/2023 | 1,730.80 | Services |
| Maayan Cohen | 3/17/2023 | 1,730.80 | Services |
| Maayan Cohen | 3/31/2023 | 377.86 | Services |
| Maayan Cohen | 3/31/2023 | 1,730.80 | Services |
| Maayan Cohen | 4/14/2023 | 219.42 | Services |
| Maayan Cohen | 4/14/2023 | 1,817.34 | Services |
| Maayan Cohen | 4/18/2023 | 3,000.00 | Services |
| Maayan Cohen | 4/28/2023 | 1,817.34 | Services |
| **Maayan Cohen Total** | | **15,885.96** | |
| Maxiru LLC | 2/8/2023 | 67,500.00 | Services |
| **Maxiru LLC Total** | | **67,500.00** | |
| NC Department of Revenue | 2/8/2023 | 1,584.00 | Government |
| NC Department of Revenue | 2/23/2023 | 1,603.00 | Government |
| NC Department of Revenue | 3/8/2023 | 1,563.00 | Government |
| NC Department of Revenue | 3/22/2023 | 1,576.00 | Government |
| NC Department of Revenue | 4/5/2023 | 1,545.00 | Government |
| NC Department of Revenue | 4/19/2023 | 1,852.00 | Government |
| NC Department of Revenue | 4/26/2023 | 1,260.00 | Government |
| **NC Department of Revenue Total** | | **10,983.00** | |
| Peritum LLC | 3/21/2023 | 12,470.00 | Services |
| Peritum LLC | 3/23/2023 | 1,256.67 | Services |
| **Peritum LLC Total** | | **13,726.67** | |

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 3: Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| PJH TECHNOLOGIES | 2/6/2023 | 8,400.00 | Services |
| **PJH TECHNOLOGIES Total** | | **8,400.00** | |
| Premco | 2/13/2023 | 3,633.96 | Insurance |
| Premco | 3/20/2023 | 3,633.96 | Insurance |
| Premco | 4/20/2023 | 3,633.96 | Insurance |
| **Premco Total** | | **10,901.88** | |
| Rahn & Associates, Inc. | 4/19/2023 | 21,705.00 | Insurance |
| **Rahn & Associates, Inc. Total** | | **21,705.00** | |
| Riverside Escrow | 4/12/2023 | 9,629.38 | Services |
| **Riverside Escrow Total** | | **9,629.38** | |
| Roberta J Greene | 2/3/2023 | 7,965.00 | Services |
| Roberta J Greene | 2/17/2023 | 6,210.00 | Services |
| Roberta J Greene | 3/3/2023 | 6,075.00 | Services |
| Roberta J Greene | 3/17/2023 | 6,142.50 | Services |
| Roberta J Greene | 3/31/2023 | 6,750.00 | Services |
| Roberta J Greene | 4/14/2023 | 5,670.00 | Services |
| Roberta J Greene | 4/28/2023 | 6,095.25 | Services |
| **Roberta J Greene Total** | | **44,907.75** | |
| Scansource | 3/10/2023 | 7,986.64 | Suppliers or Vendors |
| Scansource | 3/31/2023 | 12,472.23 | Suppliers or Vendors |
| Scansource | 4/5/2023 | 23.92 | Suppliers or Vendors |
| Scansource | 4/6/2023 | 6,057.61 | Suppliers or Vendors |
| **Scansource Total** | | **26,540.40** | |
| Sharon Velazco Reporting, Inc. | 2/23/2023 | 12,969.00 | Services |
| **Sharon Velazco Reporting, Inc. Total** | | **12,969.00** | |
| United Healthcare | 2/1/2023 | 29,689.59 | Employee Benefits |
| United Healthcare | 3/1/2023 | 29,038.94 | Employee Benefits |
| United Healthcare | 4/1/2023 | 30,299.26 | Employee Benefits |
| United Healthcare | 4/28/2023 | 28,426.65 | Employee Benefits |

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 3: Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| United Healthcare Total | | 117,454.44 | |
| Viking Crewing 1 Limited | 2/24/2023 | 28,724.72 | Services |
| Viking Crewing 1 Limited | 3/24/2023 | 33,450.67 | Services |
| Viking Crewing 1 Limited | 4/27/2023 | 41,902.24 | Services |
| Viking Crewing 1 Limited Total | | 104,077.63 | |
| Grand Total | | 4,722,438.93 | |

STATEMENT OF FINANCIAL AFFAIRS


EXHIBIT
PART 2, QUESTION 4

PAYMENTS OR OTHER TRANSFERS OF PROPERTY MADE
WITHIN 1 YEAR BEFORE FILING THIS CASE THAT
BENEFITTED ANY INSIDER

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 4: Payments or other transfers of property made within 1 year before filing  this case that benefited any insider**

| Name | Transaction date | Amount | Reason | Relationship to Debtor |
|---|---|---|---|---|
| 94 Echo Fox, LLC | 6/21/2022 | $2,907.45 | Expense reimbursement | Expense reimbursement for David DeCurtis |
| 94 Echo Fox, LLC | 9/26/2022 | $2,076.75 | Expense reimbursement | Expense reimbursement for David DeCurtis |
| 94 Echo Fox, LLC | 9/26/2022 | $2,076.75 | Expense reimbursement | Expense reimbursement for David DeCurtis |
| 94 Echo Fox, LLC | 12/1/2022 | $4,015.05 | Expense reimbursement | Expense reimbursement for David DeCurtis |
| 94 Echo Fox, LLC | 2/15/2023 | $2,215.20 | Expense reimbursement | Expense reimbursement for David DeCurtis |
| **94 Echo Fox, LLC Total** | | **$13,291.20** | | |
| Common Good Law, PLC | 5/28/2022 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 6/28/2022 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 7/28/2022 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 8/28/2022 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 9/28/2022 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 10/28/2022 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 11/28/2022 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 12/28/2022 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 1/28/2023 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 2/28/2023 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 3/28/2023 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| Common Good Law, PLC | 4/28/2023 | $1,500.00 | Outside general counsel fees | Principal of Common Good Law is Keith A. Fournier, relative of Derek Fournier |
| **Common Good Law, PLC Total** | | **$18,000.00** | | |
| David DeCurtis | 5/11/2022 | $1,127.01 | Expense reimbursement | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 5/13/2022 | $28,390.38 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 5/27/2022 | $28,390.39 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 6/10/2022 | $27,744.26 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 6/24/2022 | $27,313.47 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 7/8/2022 | $27,313.46 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 7/22/2022 | $27,313.47 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 8/5/2022 | $27,313.46 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 8/19/2022 | $27,313.46 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 9/2/2022 | $27,313.47 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 9/16/2022 | $27,313.46 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 9/30/2022 | $27,313.47 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 10/14/2022 | $27,313.46 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 10/28/2022 | $27,313.47 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 11/10/2022 | $27,313.46 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 11/25/2022 | $27,313.47 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 12/9/2022 | $27,313.46 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 12/9/2022 | $224.71 | Other | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 12/23/2022 | $27,313.47 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 1/6/2023 | $44,624.02 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 1/20/2023 | $30,954.45 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 2/3/2023 | $30,723.46 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 2/17/2023 | $30,723.45 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 3/3/2023 | $30,697.68 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 3/17/2023 | $30,697.68 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 3/31/2023 | $30,677.37 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 4/14/2023 | $29,049.34 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| David DeCurtis | 4/28/2023 | $29,049.33 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers and Chief Strategy Officer |
| **David DeCurtis Total** | | **$755,462.04** | | |
| DeCurtis International Private Limited (India) | 5/27/2022 | $358,178.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 6/27/2022 | $280,179.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 7/13/2022 | $150,828.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 7/26/2022 | $278,596.00 | Intercompany Transaction | Subsidiary |

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Name | Transaction date | Amount | Reason | Relationship to Debtor |
|---|---|---|---|---|
| DeCurtis International Private Limited (India) | 8/26/2022 | $340,475.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 9/29/2022 | $262,244.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 10/10/2022 | $172,561.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 10/27/2021 | $277,725.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 11/25/2022 | $326,453.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 12/29/2022 | $290,484.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 1/20/2023 | $130,700.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 1/27/2023 | $286,945.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 2/27/2023 | $296,971.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 3/13/2023 | $32,200.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 3/28/2023 | $269,045.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 4/13/2023 | $136,630.00 | Intercompany Transaction | Subsidiary |
| DeCurtis International Private Limited (India) | 4/26/2023 | $340,276.00 | Intercompany Transaction | Subsidiary |
| **DeCurtis International Private Limited (India) Total** | | **$4,230,490.00** | | |
| Derek Fournier | 6/24/2022 | $1,905.42 | Auto allowance and expense reimbursement | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 12/9/2022 | $271.02 | Other | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 5/13/2022 | $16,788.33 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 5/27/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 6/10/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 6/24/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 7/8/2022 | $17,926.89 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 7/22/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 8/5/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 8/19/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 9/2/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 9/16/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 9/30/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 10/14/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 10/28/2022 | $16,388.09 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 11/10/2022 | $22,475.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 11/25/2022 | $17,605.48 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 12/9/2022 | $16,388.08 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 12/23/2022 | $17,605.48 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 1/6/2023 | $34,943.62 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 1/20/2023 | $20,945.98 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 2/3/2023 | $18,705.28 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 2/17/2023 | $20,714.98 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 3/3/2023 | $18,705.27 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 3/17/2023 | $20,714.98 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 3/31/2023 | $18,705.28 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 4/14/2023 | $18,705.29 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| Derek Fournier | 4/28/2023 | $21,616.77 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Board of Managers, Chief Executive Officer, and President |
| **Derek Fournier Total** | | **$484,992.12** | | |
| James Learish | 5/13/2022 | $379.74 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 6/10/2022 | $1,104.54 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 7/8/2022 | $888.50 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 8/19/2022 | $580.60 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 9/16/2022 | $587.94 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 10/14/2022 | $304.41 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 11/9/2022 | $439.08 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 12/9/2022 | $872.25 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 1/20/2023 | $2,007.22 | Expense reimbursement | Chief Operating Officer |

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 4: Payments or other transfers of property made within 1 year before filing  this case that benefited any insider**

| Name | Transaction date | Amount | Reason | Relationship to Debtor |
|---|---|---|---|---|
| James Learish | 2/17/2023 | $616.43 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 3/17/2023 | $858.25 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 4/14/2023 | $926.60 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 4/28/2023 | $926.60 | Auto allowance and expense reimbursement | Chief Operating Officer |
| James Learish | 5/13/2022 | $12,937.90 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 5/27/2022 | $14,013.84 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 6/10/2022 | $12,937.90 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 6/24/2022 | $13,249.54 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 7/8/2022 | $12,533.63 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 7/22/2022 | $12,447.13 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 8/5/2022 | $12,966.12 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 8/19/2022 | $12,447.14 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 9/2/2022 | $13,278.48 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 9/16/2022 | $12,447.14 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 9/30/2022 | $13,271.04 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 10/14/2022 | $12,447.13 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 10/28/2022 | $13,558.68 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 11/10/2022 | $12,447.13 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 11/25/2022 | $13,421.77 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 12/9/2022 | $12,447.13 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 12/23/2022 | $12,780.57 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 1/6/2023 | $29,250.02 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 1/20/2023 | $15,017.63 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 2/3/2023 | $14,477.22 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 2/17/2023 | $14,384.72 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 3/3/2023 | $15,222.50 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 3/17/2023 | $14,331.58 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 3/31/2023 | $14,936.51 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 4/14/2023 | $14,331.58 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| James Learish | 4/28/2023 | $15,545.14 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Operating Officer |
| **James Learish Total** | | **$377,621.33** | | |
| Joseph Carino II | 5/13/2022 | $11,153.37 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 5/27/2022 | $11,153.36 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 6/10/2022 | $11,153.37 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 6/24/2022 | $11,030.25 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 7/8/2022 | $10,730.28 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 7/22/2022 | $10,730.29 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 8/5/2022 | $10,730.28 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 8/19/2022 | $10,730.29 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 9/2/2022 | $10,730.28 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 9/16/2022 | $10,730.29 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 9/30/2022 | $10,730.28 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 10/14/2022 | $10,730.29 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 10/28/2022 | $10,730.28 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 11/10/2022 | $10,730.29 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 11/25/2022 | $10,730.28 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 12/9/2022 | $10,730.29 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 12/23/2022 | $10,730.28 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 1/6/2023 | $35,794.12 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 1/20/2023 | $12,919.35 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 2/3/2023 | $12,877.34 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 2/17/2023 | $12,840.04 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 4: Payments or other transfers of property made within 1 year before filing  this case that benefited any insider**

| Name | Transaction date | Amount | Reason | Relationship to Debtor |
|---|---|---|---|---|
| Joseph Carino II | 3/3/2023 | $12,749.32 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 3/17/2023 | $12,733.33 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 3/31/2023 | $12,733.31 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 4/14/2023 | $12,733.33 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 4/28/2023 | $13,323.78 | Salary, bonus, 401(k) match, employer paid taxes and insurance | Chief Financial Officer |
| Joseph Carino II | 5/13/2023 | $105.10 | Expense reimbursement | Chief Financial Officer |
| Joseph Carino II | 7/5/2022 | $86.06 | Expense reimbursement | Chief Financial Officer |
| Joseph Carino II | 12/9/2022 | $265.65 | Other | Chief Financial Officer |
| **Joseph Carino II Total** | | **$323,144.78** | | |
| Taada Investments, LLC | 5/1/2022 | $12,020.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 6/1/2022 | $12,020.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 7/1/2022 | $12,020.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 8/1/2022 | $12,380.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 9/1/2022 | $12,380.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 10/1/2022 | $12,380.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 11/1/2022 | $12,380.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 12/1/2022 | $12,380.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 12/30/2022 | $12,380.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 2/1/2023 | $12,380.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 3/1/2023 | $12,380.00 | Rent | Landlord, Controlled by David DeCurtis |
| Taada Investments, LLC | 3/30/2023 | $12,380.00 | Rent | Landlord, Controlled by David DeCurtis |
| **Taada Investments, LLC Total** | | **$147,480.00** | | |
| **Grand Total** | | **$6,350,481.47** | | |

# STATEMENT OF FINANCIAL AFFAIRS

## EXHIBIT
## PART 10, QUESTION 20

## OFF-PREMISES STORAGE

**DeCurtis LLC**
**Case No. 23-10549**
**Sofa 20: Off-premises storage**

| Software Name | Purpose | Data in Cloud |
|---|---|---|
| Atlassian JIRA, JIRA Service Desk and Confluence Cloud | Ticketing, Issue, Bug tracking and Documentation. | 1. JIRA-Tickets |
| | | 2. JIRA Service Management-Tickets |
| | | 3. Confluence-Documents |
| Azure | Cloud Platform | Cloud AD |
| GCP | Cloud Platform | AD, Infra, Artifacts, images. |
| gurock.com (TestRail) | To maintain the test cases | Test case & test results management |
| JAMF Now | To manage Apple devices. | It stores company's MacBook hardware and few defined software information. |
| Office 365 Business Basic | For E-mail account. | Stores data like: |
| | | 1. User information |
| | | 2. User E-mails |
| | | 3. Data storage in OneDrive and SharePoint Stores documents (including Word, Excel, Power Point, OneNote, Forms) |
| Office 365 Business Standard | For E-mail account. | 4. Stream stores created /recorded Videos. |
| Microsoft 365 E3  (on behalf of MPN renewal) | For E-mail account. | 5. Teams chat, Documents and A/V data is stored. |
| GitHub Enterprise | Organisation Code | Stores all Source Code. |
| 170 Licenses | | |
| Sonar Cloud | For GitHub | Complete Source code stores at sonar cloud for quality gates |
| Apple Developer Account | Apple development | Manage the Apple certificates, identifiers, profiles, and devices required to develop, test, and distribute apps. |
| Weekdone | Goal tracking | Stores defined task tracking |
| HCM | For employee information and leave management purpose. | DeCurtis employee's PII data is stored, leave record, policies, reports, past years record of user, attendance. |
| Lucid Chart | Org. Chart | Org. chart saved. |
| Zeplin | Mockup's assets and guide to be shared with developers. | Mock-ups with Guides & Assets and guides are stored on Zeplin. |
| | | Icon Library of VXP, DXP, DCL are stored on Zeplin. |
| Sketch | Main tool to design all the Mockup's for all DeCurtis and Client side application | Only the Icon Library of VXP and DXP is stored on Sketch. |
| Harvest | Accounts | Timesheet and Expenses |