**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DECURTIS HOLDINGS LLC, *et al.*,[1] | ) | Case No. 23-10548 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: August 14, 2023 at 4:00 p.m. (ET)** |

**SUMMARY OF SECOND MONTHLY
APPLICATION FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF PROVINCE, LLC AS FINANCIAL ADVISOR TO
THE DEBTORS, FOR THE PERIOD FROM JUNE 1, 2023 THROUGH JUNE 30, 2023**

| | |
|---|---|
| Name of Applicant: | Province, LLC |
| Authorized to Provide Professional Services to: | The Debtors |
| Date of Retention: | Effective as of April 30, 2023 by order entered on June 5, 2023 |
| Period for which Compensation and Reimbursement is Sought: | June 1, 2023 through June 30, 2023[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $316,802.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $705.00 |

This is a:     X  monthly        ___ interim        ___ final application.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  DeCurtis Holdings LLC (2384) and DeCurtis LLC (9241).  The location of the Debtors' service address in these chapter 11 cases is 3208 East Colonial Drive, Suite C190, Orlando, FL 32803.

[2]    The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

**Monthly Billing Summary**

This is the second monthly application filed in these cases.

## <u>PROVINCE PROFESSIONALS</u>

| Name of Professional Individual | Position of the Applicant, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michael Atkinson, MBA, CPA, CIRA, ABV, CVA, CFE, CFF | Principal – Financial consulting, bankruptcy consulting, and litigation analysis since 1991. | $1,320 | 41.2 | $54,384.00 |
| Jason Crockett, MBA, CIRA | Principal - Financial consulting, corporate restructuring, and litigation analysis since 2002. | $1,030 | 97.8 | $100,734.00 |
| Stilian Morrison, Mfin | Principal - Corporate restructuring. Investment banking and restructuring employment since 2005. | $980 | 1.1 | $1,078.00 |
| Eunice Min | Senior Director - Corporate restructuring and business valuations since 2012. | $820 | 56.3 | $46,166.00 |
| Raul Busto | Vice President - Data analytics. | $680 | 165.2 | $112,336.00 |
| Timothy Strickler | Senior Associate - Corporate restructuring, litigation and financial investigation. | $560 | 2.6 | $1,456.00 |
| **Subtotal** | | | **364.2** | **$316,154.00** |
| **Blended Rate for Professionals** | | **$868.08** | | |
| Para Professionals | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
| Eric Mattson | Paralegal | $270 | 2.4 | $648.00 |
| **Subtotal** | | | **2.4** | **$648.00** |
| | | | Fee Statement Hours | Total Compensation |
| **Subtotal** | | | **366.6** | **$316,802.00** |
| **Blended Rate for All Timekeepers** | | **$864.16** | | |

2

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Business Analysis / Operations | 216.7 | $178,345.00 |
| Case Administration | 8.4 | $7,430.00 |
| Court Filings | 58.0 | $49,366.00 |
| Court Hearings | 13.0 | $13,447.00 |
| Fee / Employment Applications | 5.0 | $2,696.00 |
| Financing Activities | 37.3 | $38,104.00 |
| Litigation | 19.1 | $18,938.00 |
| Sale Process | 9.1 | $8,476.00 |
| **Grand Total** | **366.6** | **$316,802.00** |

## EXPENSE SUMMARY

| Expense Category | Description | Total Expenses |
|---|---|---|
| Miscellaneous | Research fees. | $705.00 |
| **Total Expenses** | | **$705.00** |

*[Remainder of Page Intentionally Left Blank]*

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DECURTIS HOLDINGS LLC, *et al.*,[1] | ) | Case No. 23-10548 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Objection Deadline: August 14, 2023 at 4:00 p.m. (ET)** |

**SECOND MONTHLY APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE
DEBTORS, FOR THE PERIOD FROM JUNE 1, 2023 THROUGH JUNE 30, 2023**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 174], entered on May 26, 2023 (the "Administrative Order"), Province, LLC ("Province" or the "Firm"), financial advisor for the above-captioned debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby submits its Second Monthly Application for Compensation and Reimbursement of Expenses for the Period from June 1, 2023 through June 30, 2023 (the "Application").

By this Application, Province seeks a monthly interim allowance of compensation in the amount of $316,802.00 and actual and necessary expenses in the amount of $705.00 for a total allowance of $317,507.00 and payment of $253,441.60 (80% of the allowed fees) and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  DeCurtis Holdings LLC (2384) and DeCurtis LLC (9241).  The location of the Debtors' service address in these chapter 11 cases is 3208 East Colonial Drive, Suite C190, Orlando, FL 32803.

reimbursement of $705.00 (100% of the allowed expenses) for a total payment of $254,146.60 for the period from June 1, 2023 through June 30, 2023 (the "Second Monthly Fee Period").

Pursuant to Local Bankruptcy Rule 2016-2, this Application is supported by the Certification of  Michael Atkinson which is annexed hereto as **Exhibit A**.  In support of this Application, Province respectfully represents as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court. Province confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Second Monthly Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution

3.     The statutory predicates for the relief requested herein are sections 328, 330 and 331 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016, and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4.     On April 30, 2023 (the "Petition Date"), the Debtors each filed their voluntary petitions with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections

2

1107(a) and 1108(a) of the Bankruptcy Code.  No trustee, examiner, or official committee has been appointed in these chapter 11 cases. The chapter 11 cases are being jointly administered for procedural purposes only.

5.      On May 26, 2023, the Court entered the Administrative Order, authorizing the retained professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement of expenses, pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that a Professional may file monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  At three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

6.      The retention of Province, as financial advisor to the Debtors, was approved effective as of April 30, 2023, by this Court's *Order Authorizing and Approving Employment of Province, LLC as Financial Advisor to the Debtors Effective as of the Petition Date* [Docket No. 215], entered on June 5, 2023 (the "Retention Order").  The Retention Order authorized Province to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

3

## COMPENSATION PAID AND ITS SOURCE

7.      All services for which Province requests compensation were performed for or on behalf of the Debtors.

8.      Province has received no payment and no promises for payment from any source other than the estate for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Province and any other person other than the employees of Province for the sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

9.      Province seeks allowance of compensation and payment for professional services rendered to the Debtors during the Second Monthly Fee Period in the aggregate amount of $316,802.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $705.00.

10.      Attached as **Exhibit B** is a list of professionals providing services; their respective billing rates; the aggregate hours expended by each professional; a general description of services rendered summarized by project category; a fee summary; detailed time records with a description of the services performed by each professional and the time expended; and a summary and detail of out-of-pocket expenses incurred.

## SUMMARY OF SERVICES

11.      The employees of Province who have rendered professional services during the Second Monthly Fee Period in these cases are as follows: Michael Atkinson, Jason Crockett, Stilian Morrison, Eunice Min, Raul Busto, and Timothy Strickler.

4

12.     During the Second Monthly Fee Period, the Debtors relied heavily on the experience and expertise of the above-named persons in dealing with matters described in detail below.  As a result, Province's highly skilled restructuring and bankruptcy professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

13.     A summary of some of the more significant services rendered by Province during the Second Monthly Fee Period follows.  This summary is divided according to the project categories used by Province in its billing in these cases.  A detailed time log of all tasks performed by Province during the Second Monthly Fee Period is set forth on **Exhibit B** hereto.

A.      **Business Analysis / Operations**

**Fees:  $178,345.00**          **Total Hours:  216.7**

14.     Incorporated within this category is time spent by Province personnel in connection with the evaluation and analysis of certain aspects of the Debtors' business and industry of operation.

15.     Specific services provided by Province during the Second Monthly Fee Period include, but are not limited to:

    i.    Analyzing and evaluating financial information, including preparing weekly cash flow forecasts and weekly cash flow variance reports;

    ii.    Corresponding with the Debtors' other advisors regarding financial performance, updates on operations, sale process and business initiatives;

    iii.    Developing and evaluate alternate budget scenarios and applying sensitivities to the Debtors' financial forecasts;

    iv.    Preparing various analyses related to the Debtors' operations, historical balance sheets, income statements, and cash flow statements;

    v.    Reviewing and indexing financial information and other documents provided by the Debtors;

5

vi.   Assisting in the preparation of financial information for distribution to the interested parties, including projections and budgets, analysis of the effect of various assumptions on projected financial results, and other ad hoc analyses as requested or deemed necessary; and

vii.  Corresponding and discussing budget and other business and financial results with counsel and within internal team.

**B.    Case Administration**

**Fees:  $7,430.00**                    **Total Hours:  8.4**

16.    Incorporated within this task code is time incurred by Province personnel while performing various administrative tasks that do not clearly fit into other categories.

**C.    Court Filings**

**Fees:  $49,366.00**                   **Total Hours: 58.0**

17.    Incorporated within this category is time incurred by Province personnel while performing various functions directly related to preparing, reviewing, evaluating and commenting on the Debtors' motions and orders filed on the docket, and assisting the Debtors in preparing required filings such as the Debtors' Monthly Operating Reports and Schedules and Statements.

**D.    Court Hearings**

**Fees:  $13,447.00**                   **Total Hours: 13.0**

18.    Incorporated within this category is time incurred by Province personnel while performing various functions directly related to preparing for and participating in hearings of the Debtors.

**E.    Fee / Employment Applications**

**Fees:  $2,696.00**                    **Total Hours:  5.0**

19.    Incorporated within this task code is time incurred by Province personnel while performing various functions directly related to the retention order and fee applications of Province for these chapter 11 cases.

6

**F.**    **Financing Activities**

**Fees:  $38,104.00**              **Total Hours:  37.3**

20.    Incorporated within this category is time incurred by Province personnel while performing various functions directly related to the Debtors' DIP financing including analyzing issues related to adequate protection and financing needs.

**G.**    **Litigation**

**Fees:  $18,938.00**              **Total Hours:  19.1**

21.    Incorporated within this task code is time incurred by Province personnel while, among other things, preparing for mediation between Debtors and certain party.

**H.**    **Sale Process**

**Fees:  $8,476.00**              **Total Hours:  9.1**

22.    Incorporated within this category is time incurred by Province personnel while analyzing and preparing information related to the Debtors' sales process, and other tasks directly related to the potential sale of the Debtors' assets.

<u>**ACTUAL AND NECESSARY EXPENSES**</u>

23.    It is Province's policy to charge its clients for identifiable, non-overhead travel expenses incurred in connection with the client's case that would not have been incurred except in connection with the representation of that particular client.  It is also Province's policy to charge its clients only the amount actually incurred by Province in connection with such items.  Such charges would include industry or company specific research as required or as requested by counsel.  Examples of travel expenses are described below.  Province **does not** charge for telephone calls (except the cost of specifically identified conference call charges), faxes, and other

7

administrative expenses.  The policies employed by Province for seeking reimbursement for out-of-pocket travel expenses are as follows:

     i.    **Airfare/Train** – Costs incurred by Province professionals when traveling by air or train to/from other cities on behalf of the Debtors are incorporated into this Application;

    ii.    **Ground Transportation** – Expenses incurred by Province professionals for local transportation while outside of their home cities (on matters related to these chapter 11 cases) are incorporated into this Application.  Such costs consist primarily of taxi-cab fares incurred by Province personnel while traveling. Also incorporated within this category are expenses incurred by Province professionals in connection with traveling to/from airports and parking at airports while traveling out-of-town on client matters;

   iii.    **Lodging** – Costs incurred by Province professionals for lodging while traveling on behalf of the Debtors (on matters related to these chapter 11 cases) are incorporated into this Application;

   iv.    **Meals** – Costs incurred by Province professionals for meals while traveling outside of their home cities or for working meetings (on matters related to these chapter 11 cases) are incorporated into this Application; and

    v.    **Miscellaneous** – Costs incurred by Province professionals for various charges including supplies and financial research.

   vi.    **Telephone/Internet** - Costs incurred by Province professionals for various charges including in-flight Wi-Fi and conference call fees.

## <u>SUMMARY OF FEES AND EXPENSES</u>

24.    The Application covers Province's fees and expenses incurred during the Second Monthly Fee Period.  The fees incurred total $316,802.00 and the expenses incurred total $705.00. These fees and expenses are consistent with Province's arrangement with the Debtors and the terms of the Retention Order.  Province respectfully submits that if necessary, a consideration of these factors would result in this Court's allowance of the full compensation requested.

25.    *Time and expertise required*. Province's professional services on behalf of the Debtors have required 366.6 hours of professional time in this Second Monthly Fee Period. Province has staffed this case efficiently.  Where work could be performed by professionals with lower rates, Province used such professionals to perform the assignments.  A significant amount

of the services rendered required a high degree of professional competence and expertise.  For those services, Province used senior professionals in the interest of staffing the case efficiently.

26.    *Time limitation imposed by these cases*.  The Debtors were required to create analyses related to the financing, reorganization and potential sale of their assets.

27.    *The difficulty of questions*.  Unique and complex issues arose during the Second Monthly Fee Period.  Province has advised the Debtors and their counsel in regard to these issues.

28.    *The skill required to perform the financial advisory services properly*.  These bankruptcy cases address issues which raise complex questions.  The cases require a high level of skill and expertise to efficiently and accurately analyze the economic effects of proposed sale of the Debtors and to accurately forecast the performance of the Debtors during these chapter 11 proceedings, among other things.

29.    *The amount involved and results obtained*.  Province has been prudent in the amount of time incurred on various tasks and believes its efforts benefited the Debtors and their estates.

30.    *The preclusion of other employment by the Applicant due to acceptance of the cases*.  Province is not aware of any other employment specifically precluded by acceptance of these cases; however, Province professionals providing services to the Debtors were not available to service other clients at their customary rates.

31.    *Professional fees*.  Pursuant to the terms of the Retention Order, Province will bill at their standard hourly rates.

32.    *Whether the Professional fees are fixed or contingent*.  Province's fees are fixed, not dependent on the outcome of these cases; however pursuant to Bankruptcy Code sections 330

9

and 331, all fees sought by professional retained under sections 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court.

33.    *The experience, reputation, and ability of Province*.    Province's professionals engaged in this case have also worked in several large bankruptcy cases.    Province has extensive experience advising debtors, official creditors' committees, creditors, trustees, and other interested parties in a wide variety of bankruptcy cases, including, as (i) financial advisor to the debtors in the chapter 11 cases of 4E Brands, Basic Energy Services, Cherry Man Industries, Cinemex Holdings USA, Codiak BioSciences, Coin Cloud, Frontsight Management, Penthouse Global Media, Superior Linen, True Religion Apparel, Vesta Holdings, and Woodbridge Group of Companies; (ii) financial advisor to the official committees of unsecured creditors in the chapter 11 cases of A.B.C. Carpet, Alex and Ani, Armstrong Flooring, Ascena Group, Avadim Health, BL Restaurants Holding, Carbonlite Holdings, Cherry Man Industries, Cyprus Mines, DCL Holdings (USA), Destination Maternity, Eastern Outfitters, EHT US1 (Eagle Hospitality), Endo International, Francesca's Holding Corporation, Honx, Insys Therapeutics, Independent Pet Partners, Invacare, J Crew, Lucky's Market, L'Occitane, Mallinckrodt, Nielsen & Bainbridge (NBD Home), Neopharma, One Web, Papyrus, Path Medical, Pier 1, PBS Brand Co. (Punch Bowl), Purdue Pharma, Reverse Mortgage, Revlon, Stage Stores, TECT Aerospace Group, True Religion Apparel, Tuesday Morning, and White Stallion Energy matters; and (iii) Aegean Marine Petroleum, Advance Watch, American Apparel, Borden Dairy, CS Mining, Cycle Force, DCL, EBH Topco, Eclipse Berry Farms, Energy & Exploration (ENXP), Fieldwood, Gump's, La Paloma Generating Company, Limetree Bay Services, Mallinckrodt, Maxus Energy, Neogenix, PBS Brand Co. (Punch Bowl), Promise Healthcare Group, RadioShack Corporation, and Samson Resources among others.

## RESERVATION OF RIGHTS

34.    To the extent time or disbursement charges for services rendered or disbursements incurred relate to this Second Monthly Fee Period but were not processed prior to the preparation of this Application, or Province has for any other reason not sought compensation or reimbursement of expenses herein for any services rendered or expenses incurred during the Second Monthly Fee Period, Province reserves the right to request additional compensation for such services and reimbursement of expenses in a future application.

## CONCLUSION

35.    It is respectfully submitted that the amount requested by Province is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

*[Remainder of Page Intentionally Left Blank]*

11

WHEREFORE, Province respectfully requests (i) approval of compensation in the amount of $316,802.00 and reimbursement of actual and necessary expenses in the amount of $705.00 for a total allowance of $317,507.00; (ii) payment of $254,146.60 (80% of the allowed fees and 100% of the allowed expenses); and (iii) such other and further relief as this Court may deem just and proper.

Dated: July 24, 2023                      PROVINCE, LLC

                                          By: */s/Michael Atkinson*
                                                 Michael Atkinson, Principal
                                                 2360 Corporate Circle, Suite 340
                                                 Henderson, NV 89074
                                                 Telephone: 702.685.5555
                                                 Email: matkinson@provincefirm.com

                                          *Financial Advisor to the Debtors*

12