IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| DECURTIS HOLDINGS LLC, *et al.*,[1] | ) Case No. 23-10548 (JKS) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: Docket Nos. 437, 468 |

**CARNIVAL CORPORATION'S OBJECTION TO SECOND AND THIRD MONTHLY FEE APPLICATIONS OF GROOMBRIDGE, WU, BAUGHMAN & STONE, LLP AS SPECIAL PATENT COUNSEL TO THE DEBTORS**

Carnival Corporation ("Carnival"), by and through its undersigned counsel, respectfully submits this objection (the "Objection") to: (1) the Second Monthly Fee Statement of Groombridge, Wu, Baughman & Stone, LLP ("GWBS") as Special Counsel to the Debtors for the Period from June 1, 2023 Through and Including June 30, 2020 (the "Second Application") [D.E. 437]; and (2) the Third Monthly Fee Statement of GWBS as Special Counsel to the Debtors for the Period from July 1, 2023 Through and Including July 31, 2023 (the "Third Application") [D.E. 468].[2]

**BACKGROUND**

1. On August 3, 3023, GWBS filed the Second Application seeking $265,649.20 in fees (representing 80% of $332,061.50). *See* Summary of Second Monthly Fee Statement in Support of Second Application at 1. The Summary in Support of the Second Application includes

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: DeCurtis Holdings LLC (2384) and DeCurtis LLC (9241). The location of the Debtors' service address in these chapter 11 cases is 3208 East Colonial Drive, Suite C190, Orlando, FL 32803.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

10521784.v2

an itemization of compensation by GWBS professional and by project category. *Id.* at 3-4. The Second Application is further accompanied by a Statement of Fees that reflects an invoice by GWBS listing by date and timekeeper, the time spent and description of the task completed. *See* Exhibit A to the Second Monthly Fee Statement in Support of Second Application [D.E. 437-2]. Such information presumably provides the Court with a basis to determine or begin to determine whether the fees sought were reasonably and necessarily incurred.

2. The Second Application also seeks reimbursement of $83,791.36 in expenses that GWBS represents to be "actual, reasonable and necessary expenses incurred by GWBS in connection with rendering such services to the Debtors during the Statement Period." *See* Summary of Second Monthly Fee Statement in Support of Second Application at 1; Second Monthly Fee Statement in Support of Second Application at ¶ 9.

3. Included among the summary of expenses – along with items such as travel, copy services, and deposition transcript services – are fees in the amount of $66,326.56 under the expense category "Professional Services." *See* Summary of Second Monthly Fee Statement in Support of Second Application at 5. As explanation, GWBS offers in a footnote that GWBS "retained [law firm] Schulte Roth & Zabel LLP ("Schulte") as counsel to advise with respect to bankruptcy issues implicated as part of Groombridge's role as section 327(e) counsel to the Debtors, including, but not limited to, advice in connection with Groombridge's retention in these cases." *Id.* at 5, n. 3. The Second Application includes no additional explication to substantiate the Schulte fees. Rather, the Statement of Expenses submitted as Exhibit B to the Second Monthly Fee Statement in Support of the Second Application [D.E. 437-03] merely includes a line item dated July 19, 2023 for "Professional Services" by Schulte, again with an amount of $66,326.56.

4. On August 15, 2023, GWBS filed its Third Application seeking reimbursement in the amount of $970,044.00 in compensation by professionals (80% of $1,212,555.00) during the period July 1, 2023 through July 31, 2023. *See* Summary of Third Monthly Fee Statement in Support of Third Application at 1. Similar to the Second Application, the Third Application lists compensation by professional and by project category and is accompanied by a Statement of Fees listing by date and timekeeper, the time spent and description of the related task. *Id.*; Exhibit B to Summary of Third Monthly Fee Statement [D.E. 468-3].

5. The Third Application also seeks allowance and payment of $44,354.55 for "actual and necessary costs and expenses in connection by GWBS in connection with services during the Statement Period." *See* Summary of Third Monthly Fee Statement at 1; Third Monthly Fee Statement at ¶ 9. Like the Second Application, the Third Application again seeks reimbursement of "Professional Services" by Schulte in the amount of $34,579.00, supported by nothing more than the same unilluminating explanation in a footnote as in the Second Application. *See* Summary of Third Monthly Fee Statement at 5, n. 3. The Statement of Expenses attached to the Third Application as Exhibit B again includes nothing more than a line item for Schulte dated August 14, 2023. [D.E. 468-3].

## ARGUMENT

6. Like GWBS's prior attempt to recoup its prepetition claims ahead of other unsecured creditors, GWBS now attempts to be reimbursed for fees incurred by another law firm not given prior authorization by this Court to perform services for Debtors. Pursuant to sections 330 and 331 of the Bankruptcy Code, court approval is required before compensation can be paid to professionals employed under section 327 of the Bankruptcy Code. GWBS, though, attempts to skirt this requirement by sheltering the Schulte fees as a GWBS expense.

7. To the extent that Schulte provided legal advice to GWBS, GWBS cites no authority for the proposition that GWBS is entitled to reimbursement for legal fees that GWBS incurred seeking legal advice for *itself,* as the Second and Third Applications suggest is the basis for the Schulte fees. It is impossible to determine for what purpose the Schulte fees were incurred though, because GWBS, has provided no detail whatsoever to identify the work that allegedly was "necessary" for Schulte to perform or that such fees – totaling over $100,000 – are "reasonable" under the circumstances.

8. This Court already established that GWBS should be required to file fee applications establishing the reasonableness of its fees, including the reasonableness of its hourly rates, in accordance with the requirements established in the Interim Compensation Order, the Order Authorizing the Debtors to Retain and Employ GWBS as Special Counsel, as well as section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines. *See In re R & B Institutional Sales, Inc.*, 65 B.R. 8763 (Bankr. W.D. Pa. 1986) (reducing "exorbitant hourly rates" charged by special counsel); *In re PHOENIX STEEL CORP.*, 1985 Bankr. LEXIS 5225, at *6-7 (Bankr. D. Del. Oct. 1, 1985) ("As examination of the legislative history of Section 330 reveals a specific Congressional intent to ensure compensation of professionals in a bankruptcy proceeding at rates comparable to attorneys in other fields of law."). GWBS has failed to do so in connection with its Second and Third Applications, and Carnival therefore objects.

9. At a minimum GWBS should be required to produce a Statement of Fees pertaining to the July 19, 2023 Schulte expense and to the August 14, 2023 Schulte expense, along with the GWBS engagement letter with Schulte. Such information will allow the Court and parties to confirm whether the Schulte expenses are in fact reasonable and necessary.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Carnival respectfully requests that the Court deny the Second and Third Applications and enter such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  August 24, 2023<br>Wilmington, Delaware | */s/ Domenic E. Pacitti*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Richard M. Beck (DE Bar No. 3370)<br>Sally E. Veghte (DE Bar No. 4762)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 Market Street, Suite 1000<br>Wilmington, Delaware, 19801-3062<br>Telephone:  (302) 426-1189<br>Email:  rbeck@klehr.com, dpacitti@klehr.com<br>            sveghte@klehr.com<br><br>-and-<br><br>Raniero D'Aversa, Esq. (admitted *pro hac vice*)<br>Michael Trentin, Esq. (admitted *pro hac vice*)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>51 West 52nd Street<br>New York, New York  10019-6142<br>Telephone:  (212) 506-5000<br>Email:  rdaversa@orrick.com<br>            mtrentin@orrick.com<br><br>-and-<br><br>Sheryl K. Garko, Esq. (admitted *pro hac vice*)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>222 Berkeley Street, Suite 2000<br>Boston, Massachusetts 02116<br>Telephone:  (617) 880-1800<br>Email:  sgarko@orrick.com<br><br>-and-<br><br>Steven J. Routh, Esq. (admitted *pro hac vice*)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, D.C. 20005-1706<br>Telephone:  (202) 339-8400<br>Email:  srouth@orrick.com<br><br>*Counsel to Carnival Corporation* |