

Domenic E. Pacitti
**Direct Dial**: (302) 552-5508
**Email**: DPacitti@klehr.com

September 5, 2023

The Honorable J. Kate Stickles
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

      Re:  *In re DeCurtis Holdings LLC, et al.*, Case No. 23-10548 (JKS)

Dear Judge Stickles:

Carnival and Invictus conferred last week, over the holiday weekend, and this morning in an effort to arrive at a joint proposal for a schedule leading up the September 20 hearing, pursuant to the Court's direction at the August 29 hearing and status conference. During our weekend communications, we were joined by newly identified counsel for UnumX, which we understand plans to participate in the briefing and at the September 20 hearing. Counsel for Virgin Voyages and Disney did not participate in the meet and confer discussions, and we understand that is because Virgin Voyages intends to withdraw its motion for relief under Section 365(n) and that neither Virgin Voyages nor Disney plan to submit briefs in advance of the hearing.

Despite these efforts, counsel for Carnival, Invictus and UnumX have not reached agreement on a proposed schedule, and so each party respectfully presents its separate proposal below. Counsel can be available for a phone call with the Court if that would be of assistance.

**<u>Carnival's Proposal</u>**

At the conclusion of the Aug 29 conference, Your Honor stated that you had cleared your calendar for a hearing (later set for September 20th at 9:30 am) and "want[ed] briefing on the validity of the foreclosure including legal and factual support and then I'll hear the emergency motions filed by Carnival and Virgin." Tr. at 46. Based on that direction, Carnival proposes:

<u>September 11</u>
- Opening briefs by all interested parties on factual and legal issues regarding the validity of Invictus' foreclosure
- Invictus and UnumX responses to Carnival's 365(n) Motion

<u>September 14</u>
- Responses to Sept 11 factual and legal briefs on validity of Invictus' foreclosure

919 MARKET STREET | SUITE 1000 | WILMINGTON, DE 19801 | t 302.426.1189 | f 302.426.9193 | www.klehr.com
PENNSYLVANIA | NEW JERSEY | DELAWARE | NEW YORK



- Carnival Reply Brief on its 365(n) motion

September 16

- Identification of any witnesses and exhibits for the Sept 20 hearing

September 17-19

- Depositions of any witnesses who may testify at the Sept 20 hearing

Carnival's proposal is based on the following points:

a. Both Carnival and Invictus have already filed papers with the Court setting forth their positions on the foreclosure, Invictus in its Notices filed on August 21 and August 24, D.I. 503 and 530, and Carnival in its Responses and Objections filed on August 23 and August 28, D.I. 510 and 540. The Court's request at the end of last Tuesday's conference was for "briefing" on those matters; Your Honor did not ask for filing of new motions. We understand that earlier in the conference counsel for Carnival indicated that Carnival would file a motion to challenge the foreclosure if necessary, Aug 29, Tr. at 15, and he also argued that a motion by Invictus was required before the foreclosure could be approved, *id*. at 12. But at this stage, given the Court's request and the time remaining before the hearing, we submit that the filing of new motions by either party is unnecessary and impractical. That is why Carnival proposes that Opening Briefs be filed simultaneously on Monday September 11 and that Responding briefs be filed simultaneously on September 14 (or the 13th, if the Court prefers).

b. Based on Invictus' description during the August 29 status conference of the assets it foreclosed on in haste the evening of August 24—as well as Invictus' representations during the August 24 status conference of the assets that it said it would and would not foreclose on the following day—it is clear Carnival and Invictus have legal, factual and technical disputes relating to the Court's Ownership Opinion, Order and Injunction as well as to the Remaining DXP and Carnival-specific MAS source code that was subject to foreclosure. While it is possible further briefing, discussion of counsel, and stipulations may narrow disputed factual issues, Carnival's proposal includes dates for the exchange of witness and exhibit information in advance of the hearing.

c. Invictus and UnamX misstate below Carnival's position on the scope of the September 20 hearing. Carnival's agrees that the hearing should address issues relating to the validity of Invictus' foreclosure and Carnival's 365(n) motion, but given the positions taken by Invictus in its Notices, D.I. 503 and 530, and at the August 24 and August 29 status conferences, those issues appear to give rise to factual disputes and to require presentation of evidence on (i) the circumstances surrounding Invictus foreclosure and precisely what property has been foreclosed on and transferred to UnamX; and (ii) the extent to which Carnival has ownership or other interests in that property. For example, it appears that Invictus foreclosed on a software repository that includes source code both for the Remaining DXP Assets and for certain MAS source code developed specifically for Carnival under the Master Services Agreement (CCL MAS Code) that constitutes Carnival Information under that agreement. And yet Invictus has repeatedly defended its



foreclosure, both before and after the fact, by arguing that it would not and did not foreclose on any property in which Carnival has an interest. It thus appears that Invictus is relying on some assumed ownership allocation that allows it to exclude property that is subject to a Carnival ownership interest from the source code in the foreclosed-upon repository. *See, e.g.*, Aug 29 Tr. at 20-21 (Mr. Hillman: "Yes, we have the key to the storage facility but there's no determination of the complete ownership of its contents yet. Some belong to Carnival. Some belong to DeCurtis and that portion has been foreclosed upon."). If necessary, Carnival will present fact and expert testimony to correct that assumed allocation, which is at the heart Invictus' defense of its foreclosure and which, in turn, underlies the position Invictus has stated before the Court that Carnival's 365(n) motion is moot. To the extent the Court needs to make further allocation findings in evaluating the validity of Invictus' foreclosure, it should take evidence and compile a record at the September 20 hearing that will allow it to do so.

    d.  During our weekend discussions, we understood Invictus' counsel to resist having to brief or put before the Court any issues regarding Carnival's 365(n) motion until after the Court ruled on validity of Invictus' foreclosure. In preparing this letter, however, Invictus' counsel has indicated that Invictus is willing to brief Carnival's 365(n) motion on the schedule proposed by Carnival and to have that motion heard on September 20. UnumX has indicated that agrees with and joins in Invictus' position. Accordingly, the parties are in agreement that Invictus and UnumX will respond to Carnival's 365(n) motion on September 11, Carnival will file a reply on that motion on September 14, and the motion will be heard at the September 20 hearing.

    e.  Invictus' counsel has consistently stated that he does not want to taint the Court with information about settlement discussions, and yet he repeatedly had offered up precisely such information, including below. We will not further that practice here other than to note that the statements regarding settlement below are inaccurate; I spoke with counsel this morning about Invictus' most recent settlement overture and Carnival's reactions to portions of it.

**<u>Invictus Proposal</u>**

Having reached a commercial resolution with Virgin Voyages and principal terms with Disney, the DIP Agent remains mired in continued litigation with Carnival despite continued, albeit unsuccessful, attempts to find reasonable commercial deal. The DIP Agent is actively pursuing settlement of these issues to eliminate the need for further litigation and made an offer to consensually resolve these matters to Carnival on August 29. To date, Carnival has not substantively responded to the settlement offer.

The DIP Agent requests that the Court provide the parties with guidance on two disputes: (1) the sequencing of briefing in connection with the Expedited Validity Hearing (as defined below) and (2) the scope of issues to be considered at the Expedited Validity Hearing.

*Sequencing of Briefing*



At the August 29 status conference ("Conference"), the Court stated that it wanted "briefing on the validity of a foreclosure, including legal and factual support" for an expedited hearing at 9:30 a.m. on September 20 (the "Expedited Validity Hearing").

Based on that statement, the DIP Agent is prepared to brief the validity of the Partial Strict Foreclosure Agreement [Docket No. 530] (the "PSFA") and expressly reserves all rights to raise threshold jurisdictional (including the appellate divestiture rule) and standing implications related thereto. Subject to the foregoing reservation, the DIP Agent had agreed to brief the validity of the PSFA in connection with the Expedited Validity Hearing on the dates originally proposed by Carnival – Carnival's opening papers on September 7 with the DIP Agent's responsive papers on September 14.

Last night at 9:45 pm, Carnival changed its position and no longer intends to file opening motion papers to challenge the PSFA validity, but insists on simultaneous blind briefing. That approach is procedurally improper. If Carnival seeks to challenge the PSFA validity, then it must seek relief from the Court and the DIP Agent, subject to the reservations above, will respond. To require simultaneous briefing makes no sense when Carnival is the one seeking relief, who bears the burden of proving entitlement to that relief. The DIP Agent is entitled to know what position it is responding to—it should not be required to guess.[1]

*Scope of Hearing*

The DIP Agent and Carnival also disagree on the scope of issues to be briefed and heard at the Expedited Validity Hearing. Carnival believes that the scope is broad and has stated it may seek further relief under the guise of a PSFA validity challenge, including requests for the Court to determine complex ownership allocation issues regarding the extent of Carnival's interest in the Remaining DXP Assets (as defined in the Opinion Regarding Ownership of the DXP Assets and Carnival's Request for Declaratory and Injunctive Relief [Docket No. 459]) or perhaps even the turn-over of certain assets from the chapter 7 estate or UnumX to Carnival. The DIP Agent's

---

[1] In "Carnival Corporation's Response and Objection to Second Notice Of Exercise Of Remedies By DIP Agent Pursuant to Final DIP Order" (D.I. 540), Carnival noted that "[t]he Strict Foreclosure Agreement should be invalidated and the Remaining DXP Assets should be returned to the estates pending a final adjudication regarding the extent of Carnival's ownership interest. Carnival will be prepared to further discuss its position at the August 29 status conference and, if necessary, file an appropriate application for relief." At the Conference, Carnival's counsel reaffirmed its position to file a pleading seeking relief from the Court:
> THE COURT: So I guess the question is at this juncture is Carnival going to be filing a motion, a declaratory judgment, a turnover action?
> MR. D'AVERSA: If Your Honor –
> THE COURT: Is it something you're going to communicate with the Trustee about?
> MR. D'AVERSA: I think so. So whether it's us or the Trustee doing it, I'm not sure so –
> THE COURT: Okay.
> MR. D'AVERSA: -- assuming Your Honor doesn't want to order them today to return all the assets, then yeah, I think there is going to be a motion whether it's Carnival or the or the Trustee. Absolutely.



concerns about such broad relief are not speculative. These are precisely the issues, among others, that Carnival has indicated are fair game for the Expedited Validity Hearing.

To the extent Carnival seeks substantive relief beyond contesting the validity of the PSFA, such relief should not be included in the Expedited Validity Hearing. As the DIP Agent understands this Court's directions from the Conference, the Expedited Validity Hearing will address "the validity of a foreclosure, including legal and factual support." Aug. 29, 2023, 2 p.m. Hr'g Tr. 46:11-14. But Carnival wants a full-blown evidentiary hearing going well beyond "the validity of [the] foreclosure" to cover the allocation of ownership interests. That position defies the Court's clear direction, risks moving this Court beyond its jurisdiction, and violates standard procedures designed to safeguard due process.

The "validity of foreclosure" is not the same as, or even related to, allocating degrees of ownership. Carnival has conceded as much: It previously asked the Court to invalidate the foreclosure "pending a final adjudication regarding the extent of Carnival's ownership interest." D.I. 540 at 4 (emphasis added). It has offered no explanation why the two issues are suddenly so related that validity means ownership allocation. Yet it now asserts the hearing must address all legal, factual, and technical disputes relating to the Ownership Opinion and related orders, as well as to the Remaining DXP Assets and (supposedly) Carnival-specific MAS property, including source code, as those matters relate to foreclosure. But while those matters might relate to foreclosure, but none of those issues go to the foreclosure's validity.

This Court, moreover, cannot rule on ownership allocation because a pending appeal has removed jurisdiction over those issues. A timely notice of appeal divests a bankruptcy court "of its control over those aspects of the case involved in the appeal." Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985); In re Advanced Elecs., Inc., 283 F. App'x 959, 963-64 (3d Cir. 2008); 10 Collier on Bankruptcy ¶8003.02. The pending appeal here arises from this Court's ruling on Carnival's putative ownership interests in the DXP Assets. See D.I. 459; Adv. D.I. 84. Carnival now asks this Court to modify those ownership-interest rulings through the guise of a foreclosure challenge. But ownership is on appeal; it is beyond this Court's reach.

At 4:57 p.m. today, Carnival clearly argued for the first time that, to determine validity, one has to determine the extent of ownership. That is wrong. It wholly ignores the terms of the Strict Foreclosure Agreement, which states in no uncertain terms that the only things foreclosed on belonged exclusively to the Debtors: Property was excluded from foreclosure if it involved "***any interest*** of Carnival as set forth in the *Opinion Regarding Ownership*[.]" D.I. 530 at 2 (¶ 7) (emphasis added). There thus has been no "transfer" of ***ownership*** of any property not belonging to Debtors for Carnival to complain about. Nothing has even moved. Since the execution of the partial strict foreclosure, the DXP Assets remain on the same server that was under the Debtors' possession and ownership. UnumX pays for the maintenance of the server, but that does not affect who has ownership interests in the code on the server. Whatever ownership interest Carnival might have in those assets has nothing to do with the validity of a foreclosure that was, by its own terms, limited to Debtors' exclusive property. The only question for briefing now is the validity of that



foreclosure limited to what the Debtors undisputedly own.

Carnival also tries to muddy the waters by suggesting there might be "certain MAS source code developed specifically for Carnival under the Master Services Agreement" in which they have an ownership interest. Any such argument is waived many times over: Carnival was explicit throughout the adversary proceeding that the MAS neither comprised nor was derived from Carnival Information.[2] And it *disclaimed* any ownership interest in it, proclaiming "no quarrel" with Debtors "selling products they do own, like Mobile Assembly Suite ('MAS')." Adv. D.I. 7 ¶ 6; *see also* Adv. D.I. 56 at 41 (¶ 234) (recognizing Debtors, not its customers, owned the MAS); Adv. D.I. 56 at 110 (¶ 34(d)) (Carnival carving MAS out of scope of sought injunction); Adv. D.I. 80 Exhibit A ¶ 2(d) (same). That they have to contradict this Court's finding that the "[o]wnership of the 5 MAS modules is not in dispute" in order to make the (unpersuasive) argument that validity is the same as allocation of ownership speaks volumes. D.I. 459 at 11 (emphasis added). It is not procedurally proper to raise a new ownership theory in a brief in connection with the Expedited Validity Hearing, which is entirely contrary to its earlier position.

The DIP Agent is entitled to due process in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, all of which afford them notice and an opportunity to respond in a time frame far less condensed than those contemplated for the Expedited Validity Hearing. Moreover, if the foreclosure were invalidated (which the DIP Agent opposes), any improperly transferred assets would revert to the Chapter 7 Trustee, who also needs to be heard on the proper allocation of assets under his control. Forging ahead before resolving validity makes no sense, and it would deprive the parties of a fair opportunity to respond to these complex ownership issues. For that reason, too, permitting the DIP Agent to raise these concerns only in response to a Carnival motion, as Carnival proposes, is inadequate. The DIP Agent needs to know the scope of the proceedings now. Time is of the essence, and waiting to see Carnival's precise position will result in yet more unfair prejudice as the DIP Agent will be forced to attempt to prepare for and respond to matters that should not be at issue.

The DIP Agent proposes the following briefing and hearing schedule:

September 7, 2023, at 4:00 pm (ET): Deadline for Carnival to challenge the validity of the Partial Strict Foreclosure Agreement [Docket No. 285] (the "Carnival Challenge") through a procedurally proper motion.

---

[2] Adv. D.I. 7 ¶ 119 n.14 ("MAS is the one DeCurtis product that clearly predates DeCurtis's work with Carnival on Project Trident or its development of DXP beginning in 2015."); Adv. D.I. 56 ¶ 58 ("The only product DeCurtis Corporation had prior to its engagement with Carnival was an e-mustering application known as Mobile Assembly Suite ('MAS')"); *id.* at 87 (¶ 13) (similar); *id.* at 89 (¶ 21) (similar); *id.* at 108 (¶ 30) ("Carnival does not seek and has never sought to prevent DeCurtis from offering MAS. . . . Indeed, Carnival has never contended MAS is infected with Carnival Information").



September 14, 2023, at 4:00 pm (ET):  Deadline for the DIP Agent or UnumX to file any responses to the Carnival Challenge.

September 20, 2023, at 9:30 am (ET):  The Court shall conduct an evidentiary hearing to address Carnival Challenge on the validity of the PSFA, including legal and factual support with all parties reserving their respective rights to seek further relief depending on the Court's ruling on the validity of the PSFA.

**UnumX Proposal**

UnumX agrees with and joins the DIP Agent's position.  UnumX writes to underscore that Carnival's request for a comprehensive evidentiary hearing on ownership issues goes well beyond "the validity of [the] foreclosure" this Court referenced at the August 29 status conference, Hr'g Tr. 46:11-14, and that adopting Carnival's schedule for resolving those issues would deprive UnumX of a fair opportunity to prepare its case without any good reason for the headlong rush.

UnumX must have a meaningful opportunity to litigate ownership-allocation issues.  This Court's statement at the August 29 conference is the sole indication of what the September 20 hearing will be about.  It identifies "validity" of the foreclosure as the subject and gives no notice that allocation would be addressed.  More important, UnumX has had no opportunity to obtain and examine the evidence it would need to litigate these complex issues.  For example, to address allocation of ownership, it would have to find and retain experts to examine Carnival's source code, which spans more than ten million lines, to see what putative "Carnival" information it contains and determine what DXP code, if any, reflects such putative "Carnival" information.  Adv. D.I. 54 at 14-24, 49.  But UnumX has not even been provided that code yet.  Moreover, unlike Carnival, who has been litigating the issues at stake in this matter for years, UnumX and the DIP Agent are new to this dispute.  They were not parties to the adversary proceeding where the trial occurred, and they have had no opportunity to conduct discovery of any kind on the ownership questions.  Given the case's conversion to Chapter 7, prior Debtors' counsel, who litigated ownership for Debtors in the adversary proceeding, do not currently have a role in the matter.  It simply is not possible for new parties with new counsel to adequately prepare in the 15 days before September 20—especially as against a party that has had the opportunity (which it seeks to deny UnumX) to conduct discovery, consult experts, and investigate these issues in full.  Carnival thus proposes a process-denying rush—and it is one particularly inappropriate because Carnival has made no showing it will suffer any prejudice if this Court addresses allocation separately.[3]

---

[3] Postponing the allocation adjudication would also give the parties an opportunity to participate in mediation, including in any upcoming court-ordered mediation in the district court.  *See July 19, 2023 Delaware District Court Standing Order re: Mediation of Appeals from the United States Bankruptcy Court for this District* (requiring mediation in bankruptcy appeals).



**LANDIS RATH & COBB LLP**

/s/ Matthew B. McGuire
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Nicolas E. Jenner (No. 6554)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      mcguire@lrclaw.com
      jenner@lrclaw.com

**MOLOLAMKEN LLP**
Jeffrey A. Lamken
Jennifer E. Fischell
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 556-2000
Facsimile: (202) 556-2001
Email: jlamken@mololamken.com
      jfischell@mololamken.com

- and -

**MOLOLAMKEN LLP**
Justin M. Ellis
Joshua D. Bloom
Ryan Yeh
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160
Facsimile: (212) 607-8161
Email: jellis@mololamken.com
      jbloom@mololamken.com
      ryeh@mololamken.com

*Counsel for UnumX*

**KLEHR HARRISON HARVEY BRANZBURG LLP**

/s/ Sally E. Veghte
Domenic E. Pacitti (DE Bar No. 3989)
Richard M. Beck (DE Bar No. 3370)
Sally E. Veghte (DE Bar No. 4762)
919 Market Street, Suite 1000
Wilmington, Delaware, 19801-3062
Telephone: (302) 426-1189
Email: rbeck@klehr.com
      dpacitti@klehr.com
      sveghte@klehr.com

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Raniero D'Aversa, Esq. (admitted *pro hac vice*)
Michael Trentin, Esq. (admitted *pro hac vice*)
51 West 52nd Street
New York, New York 10019-6142
Telephone: (212) 506-5000
Email: rdaversa@orrick.com
      mtrentin@orrick.com

-and-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Sheryl K. Garko, Esq. (admitted *pro hac vice*)



222 Berkeley Street, Suite 2000
Boston, Massachusetts 02116
Telephone: (617) 880-1800
Email: sgarko@orrick.com

-and-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Steven J. Routh, Esq. (admitted *pro hac vice*)
T. Vann Pearce, Jr., Esq. (admitted *pro hac vice*)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Email: srouth@orrick.com
      vpearce@orrick.com

*Counsel to Carnival Corporation*

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Nicolas E. Jenner (No. 6554)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
    mcguire@lrclaw.com
    jenner@lrclaw.com

**PROSKAUER ROSE LLP**
David M. Hillman
Vincent Indelicato
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: dhillman@proskauer.com
    vindelicato@proskauer.com

-and –

**PROSKAUER ROSE LLP**
Jordan Sazant (Bar No. 6515)
Libbie B. Osaben
Ashley M. Weringa
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email: jsazant@proskauer.com


losaben@proskauer.com
aweringa@proskauer.com

-and –

**MOLOLAMKEN LLP**
Jeffrey A. Lamken
Jennifer E. Fischell
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
Telephone: (202) 556-2000
Facsimile: (202) 556-2001
Email: jlamken@mololamken.com
jfischell@mololamken.com

- and -

**MOLOLAMKEN LLP**
Justin M. Ellis
Joshua D. Bloom
Ryan Yeh
430 Park Avenue
New York, NY 10022
Telephone: (212) 607-8160
Facsimile: (212) 607-8161
Email: jellis@mololamken.com
jbloom@mololamken.com
ryeh@mololamken.com

*Counsel for Invictus Global Management LLC*